## NORTHRUP vs. FOOT.

In an action for *deceit* in the sale of a horse, where the sale took place in the state of *Connecticut* on a *Sunday*, IT WAS HELD that, as by the law of Connecticut, all *secular business* on Sunday is prohibited, the action could not be sustained, either as founded on the *deceit* or upon the *contract of sale.*

ERROR from the Dutchess common pleas. Foot sued Northrup for *deceit* in the sale of a horse, and declared on a warranty. The defendant pleaded *non. cul.* and the *statute of limitations.* To the latter plea there was a replication. The sale took place in the state of *Connecticut* on a *Sunday.* The defendant produced an exemplification of a *statute* of that state, re-enacted in 1821, entitled "An act for the due observa-

tion of the Sabbath or Lord's day ;" whereby, among other things, it is enacted *that no person or persons shall do any secular business on the Lord's day,* under a penalty not exceeding $4. A counsellor at law, residing in *Connecticut,* also testified that by the *common law* of Connecticut all contracts made on Sunday were utterly void, and that no action at law would lie upon any contract made on that day. The common pleas, among other things, charged the jury that the *statute law* and *common law* of Connecticut, as proved on the trial, were not sufficient to bar the plaintiff of his action ; to which charge the defendant excepted. The jury found a verdict for the plaintiff, on which judgment was entered. The defendant sued out a writ of error.

*E. M. Swift,* for plaintiff in error.

*H. B. Cowles,* for defendant in error.

*By the Court,* NELSON, J. This action cannot be sustained, for the reason that the contract out of which it arises is utterly void at the place where it was entered into. 1 *Root,* 474. 2 *Conn. R.* 548. 10 *Mass. R.* 318, *note.* It is in proof that, according to the unwritten or common law of Connecticut, all contracts entered into on *Sunday* are void ; and if we were to follow the position of the counsel for the defendant in error, and interpret for ourselves the statute of that state for the observance of the Sabbath day, we should, without hesitation, concur with the construction there given to it ; i. e. that the contract is void within its provisions. It is a remedial statute, and should be liberally construed. Some of the English judges at this day regret the limited construction given to their statute. 4 *Bingh.* 88. The Connecticut act is broader than that of this state. It provides " that no person or persons shall do any *secular business,* work or labor," &c. ; ours " that there shall be no travelling, servile laboring, or working," &c. Independently, and in support of the testimony of the witness learned in the law of Connecticut, we know, from the reports of the decisions there, that the law is as contended

ALBANY, October, 1835.

Northrup v. Foot.

for by the plaintiff in error.   1 *Root*, 474.   2 *Conn. R.* 548. *Swift's System*, 367.   The qualification, "of ordinary calling," that has chiefly influenced the decisions in England, is not contained in either of the above statutes; but our statute, in terms, seems to be confined to *servile laboring or working.*   The case of *Funnel* v. *Rider*, 5 *Barn. & Cres.* 406, 12 *Com. Law R.* 261, was an action by a *horse dealer*, upon a warranty in a sale.   The defence set up that the sale was made on Sunday, and the contract therefore void, was sustained by the court.   The purchase of the horse in that case came within the term "ordinary calling" of the plaintiff.

Whether the action in the case under consideration is to be viewed as resting in deceit, or upon the contract, cannot vary the rule of law in respect to it.   In either case it cannot be sustained without the aid of the primary or principal contract.   Strike that out, and there is neither fraud nor warranty left.   They are incidental to the contract of sale, and depend upon it.

There can be no doubt the *lex loci contractus* is to govern.   It is the ordinary case of that description of contracts, and must be valid where made, to be enforced here.   4 *Cowen*, 510, *n. a.*   2 *Kent's Comm.* 458.