## BUTLER v. LEE.

1. A parol executory contract for the sale of land, cannot be enforced at law; but where the contract is executed by a conveyance of the land, assumpsit will lie for the purchase money.

2. The action cannot be maintained, if the conveyance is not made until after the action is commenced.

3. A contract executed on Sunday, is not validated by a subsequent recognition; but where the terms of a contract only are agreed on, on Sunday, and subsequently executed, it may be enforced.

Error to the Circuit Court of Macon.

ASSUMPSIT by the plaintiff, against the defendant in error.

The following facts were agreed to by the parties: In 1842, the plaintiff and defendant made a joint purchase of a section of land, and took from their vendor a bond conditioned to make title, when the purchase money should be paid, and entered into possession. An agreement was then entered into orally, to divide the lands into two equal parts, but the lines were not run at that time. The defendant then agreed with the plaintiff to pay him $150, in two equal payments, on the first January, 1843, and 1844, if the plaintiff would let him select as his portion one of the parcels which was designated, and permit him to have the use and possession of certain other lands, parcel of the section, during the year 1842, whether on running the line, the land last mentioned should fall within the portion selected by defendant, or not. That soon afterwards, plaintiff ploughed up a few acres of cotton, which defendant had planted on a portion of the land, the possession of which had been secured to him by the contract for the year 1842.

This contract was made on Sunday, but was mentioned and ratified by plaintiff and defendant next day. That defendant has continued in possession of the land selected by him, from the date of the contract, and in the latter part of the year 1842, procured the county surveyor to run the line in accordance with the division previously agreed on, and that subsequent to the institution of this suit, the vendor of the land, by the mutual directions of the plaintiff and defendant, made titles to each respectively, for the land to which each was entitled under the division aforesaid. No other writing was ever executed in relation to the division.

Upon these facts the court rendered judgment for the defendant, from which the plaintiff prosecutes this writ, and which he now assigns for error.

GUNN, for plaintiff in error.

1. If two make a joint purchase of lands, receive an equitable title, subsequently make partition, take possession,

make improvements on their parcels thus partitioned, and agree that one is to pay the other a certain sum for choice of parcels, and receive titles from their vendor in accordance with the same, that an action of assumpsit will lie to recover the price thus agreed upon, more particularly where the person promising to pay has gone on to have the parcels surveyed, and subsequently receives title from the original vendor for the parcel partitioned to him. [See Haven v. Foster, 9 Pick. 112; Sheppard v. Little, 14 Johns. 210; Bruen v. Bell, 20 Johns. R. 338; Cope v. Williams, 4 Ala. 364; Meredith v. Nash, 3 Stew. 207; Goodwin, et al. v. Gilbert, et al. 9 Mass. 510; Davenport v. Mason, 15 Ib. 85; Ewing v. Tees, 1 Binn. 450; 4 H. & M. 376; Eppes' ex'rs v. Cole and wife, 4 H. & M. 161; Hoskins v. Wright, adm'r, 1 H. & M. 378.]

2. In contracts for the sale of lands, vendor may recover in assumpsit the price agreed to be paid. Where nothing more remains to be done by him, the parties occupy the same position as when vendor has made deed, [7 Ala. R. 161; 1 Ala. R. 299,] and may maintain action for the purchase money, when a specific performance would be enforced in chancery. [3 Stew. 207.]

The principles here contended for do not, it is conceived, fall within the influence of the case of Johnson v. Harrison, 6 Ala. R. 351, the contract being executed on the part of one of the parties, as in the case of Rhodes, adm'r, v. Glen, 7 Ala. R. 346.

The facts of the case as set forth in the bill of exceptions —the taking possession, cultivation, improvements, survey, and reception of title—relieve this case from the operation of the rule laid down in the case of O'Donnell v. Sweeney, 5 Ala. 467, and is equivalent to the subsequent promise referred to in 9 Ala. 198.

The proofs are only required to be substantially such as charged to authorize a recovery. [Hitchcock v. Lukens, 8 P. 333.]

Cocke, contra.

1. The facts agreed upon show a consideration variant from that averred in the several counts of the declaration.

"If any part of an entire consideration, or of a consideration consisting of several things, be omitted, the plaintiff will fail on the ground of variance." [1 Chit. Pl. 293.]

2. The contract was made on Sunday, and therefore void. [Clay's Dig. 592, § 1; O'Donnel v. Sweeney, 5 Ala. 467.] Its ratification on the following day cannot validate it. [Shippey, et al. Eastwood, 9 Ala. 198.] Even if a subsequent ratification could, under a proper state of facts, validate it, that state of facts is not shown to exist. The plaintiff's case could only be made out by resorting to the void contract for aid, and that he cannot be permitted to do. [Chit. on Con. 214, and cases cited in note.]

3. If the contract however, with its subsequent ratification, is sufficient to support the action, the plaintiff forfeited his right to enforce it, by a breach of it on his part.

4. The contract is also void under the statute of frauds. The plaintiff was not entitled to recover, it not having been evidenced by any writing prior to the institution of his suit. [Johnson v. Harrison, 6 Ala. 351; McDowell v. Delap, 2 A. K. Marsh. 33; Jackson v. Pierce, 2 Johns. 221.]

ORMOND, J.—The contract is in substance, an agreement by which the defendant was to pay the plaintiff $150 for the choice of two half sections of land, which belonged to them jointly, and the right to cultivate for one year a portion of cleared land, it being as it appears, uncertain at the time, whether all the cleared land was on the half section selected by the defendant.

It is very clear, that so long as this contract remained executory, not being in writing it could not be enforced at law by either party, at least so far as it relates to the choice of the half sections. But it is equally certain, that after it was executed by a conveyance of the land to the defendant, pursuant to the contract, an action will lie, for the consideration agreed to be paid. It is indeed the common case of assumpsit for the purchase money, after a sale and conveyance of an estate in land. [See the precedents. 2 Chit. Pl. 38.]

As this conveyance had not been made when this action was brought, it was prematurely commenced, and the court

correctly rendered judgment for the defendant on the facts agreed. The plaintiff cannot maintain this action, by proof of facts subsequent to its commencement, by which alone he has the right to sue at law.

The refusal of the plaintiff to permit the defendant to enjoy a portion of the cleared land, which by the contract he was to have the use of for one year, will not defeat his right to an action on the contract, but would go in mitigation of the damages.

A contract made on Sunday cannot be enforced, nor will a subsequent ratification validate it, as it was originally void. [Sheppey v. Eastwood, 9 Ala. 198.] But when, as in this case, nothing is done towards the performance or execution of the contract until a subsequent period, the fact that a similar contract had been previously made on Sunday, will not bring the subsequent contract within the statute. This is not the ratification of a contract previously made, but is a new and substantive contract. In the case cited, if the promissory note there sought to be enforced, had not been made on Sunday, but subsequently, the fact that the parties had made a similar contract previously on Sunday, which was not valid, could not render nugatory the subsequent binding contract.

Let the judgment be affirmed.