By the Court.—Vanderpoel, J.
The question involved in this case was presented to the court more than two years ago, in the case of Henry W. Merritt, and was then decided in favor of the plaintiff. One of the then members of the court did not concur in the conclusion to which it then came. Since that period, a partial change has taken place in the organization of the court, which accounts, in some measure, for the discrepancy between the conclusion in the present case, and the one formerly announced in that of Merritt. The 37th section of the act to reduce general laws relating to the city of New York into one act, provides that three justices shall be appointed as oftep as it shall be deemed necessary, each of whom shall be denominated, in the commission to him, a special justice for preserving the peace in the city of New York. (2 R. L. 350.) The 43d section, (p. 355) provides that it shall be lawfnl for the Common Council of the city, from time to time, to direct, by an *322 ordinance or ordinances, the keeping open of the police office for the transaction of the business thereof, at all such times .(Sundays excepted,) and at such place or places, as may be deemed most beneficial to the public, and that it shall be the .duty of the special justices, and all the officers employed in the police office, to obey such mandate.
The plaintiff was first appointed in 1834. It is admitted that -his commission expired in 1838, and that he was then re-appointed.
In regard to his claim for the period anterior to his last appointment, the statute of limitations is an insuperable bar. That portion of his claim which accrued before six years prior to the commencement of the suit, is not saved by 2 R. S. 224, § ¡6, which provides that in actions of debt, account, or assumpsit brought to recover any balance due upon a mutual, open, and current account, the cause of action shall be deemed to have .accrued from the time of the last item proved in such account. One or more items of an account, within six years before suit brought, will not draw after it items beyond six years, so as to protect them from the operation of the statue of limitations, unless there have been mutual accounts and reciprocal demands between the parties. (Kimball v. Brown, 7 Wend. 322; Coster v. Murray, 5 J. Ch. R. 522; Edmondstone v. Thomson, 15 Wend. 554; Hallock v. Losee, 1 Sand. R. 220.) It cannot be pretended that there were any mutual accounts and reciprocal demands between these parties. If the defendants were under a legal obligation to pay for the service for which the suit was brought, the plaintiff might have enforced such payment, if not immediately after the rendition of the service, at least at the end of every quarter. By holding, that the statute of limitations is a bar to this portion of the plaintiff’s claim, we do not mean to imply that it would be valid, in the absence of the statute. We do not feel called upon to express any opinion upon the other objections urged against this branch of the claim, as we deem the statute of limitations a conclusive bar to it.
As to that portion of the claim which accrued subsequent to the second appointment of the plaintiff, we consider the objections to it conclusive on other grounds. The salary of the jus *323 tice had been raised to sixteen hundred dollars per annum. At each quarter, subsequent to his appointment, the plaintiff rendered an account of $400, “ as salary as special justice for preserving the peace, for the quarter ending” on the day of the date of his account, which account for each quarter, was paid by the defendants. This circumstance, at least, goes far to show the construction which the plaintiff himself then placed upon the rights and duties of himself and the defendants. No charge-for extra or special services was then- made or pretended to by him. The plaintiff, on his re-appointment in 1838, accepted his- office with this resolution staring him in the face—a resolution requesting him to attend at the police office on Sunday, in his official capacity. If he performed these services as part of his official duty when he received a stated salary, lie cannot sustain an extra charge for them, whether recently after rendering the service, he presented a claim or not. But when,- quarter after quarter, and year after year, he presented his account for his salary, without lisping a word about this claim for extra service, it is pretty manifest that the charge is the result of an after thought, and was not contemplated when the service was rendered. But this consideration furnishes not the most formidable impediment to the plaintiff’s action.
If the duty were legitimately imposed upon the plaintiff, and were a duty appertaining to, or connected with, his office, then he could not sustain his action, even if the duties were imposed after his second appointment; for it is well established that a salary officer cannot rightfully claim compensation extra his salary, for performing a new duty, or one imposed by the legislature, since the salary was provided. (Phœnix v. The Supervisors of New York, 1 Hill, 362.) If the new duty renders his office too onerous, he can resign. So a constable, or other ministerial officer, the fees of whose official services are prescribed by law, cannot maintain an action on a promise of extra compensation for extra service, although services beyond what could legally be required, are rendered by the officer. In Hatch v. Mann, (15 Wend. 44,) the Chancellor and Senator Tracy inveigh -with well merited severity against the idea that a promise *324 to give extra compensation to an officer for extra diligence or extra service, can be valid.
If, on the other hand, the corporation had no right to exact the service, either because the statute, by excepting Sunday, intended to guard against the performance of any secular seryices oh that day, or, because it was beyond the legal powers of the corporation to request or demand the performance of the service; in either alternative, the law cannot imply a valid promise to pay for the service. In Watts v. Van Ness, (1 Hill, 76,) it was held that an attorney’s clerk, engaged at a weekly salary to do such things as are usually done by clerks in attorney’s offices, is prohibited, by the statute to prevent working on Sunday, from recovering from his principal a compensation extra his weekly allowance, for services as a clerk, performed on that day. If the plaintiff was not compelled to perform Sunday service because it was Sunday, then the services were within the prohibition of the statute against working on Sunday, (1 R. S. 675, § 70,) and therefore do not furnish the legitimate ground of a claim against the defendants. If the corporation, in their official or legislative capacity, had no right to make the request contained in their resolution, then they transcended their authority, and could not create a claim against the city by it. If they had a right to request the performance of the service, then it was part of the official duty of the plaintiff, when he accepted his office, on his re-appointment, and was covered and satisfied by his salary. Then he accepted the office in reference to the duties and burthen which belonged to it, this Sunday service being one of them. In every point of view in which we have looked at the case, we find insurmountable difficulties in the way of the plaintiff’s recovering. There must, therefore, be judgment for the defendants.