BATSFORD vs. EVERY.

The sale of a span of horses, on *Sunday*, is not void at common law.

The prohibition, in the statute relative to the observance of Sunday, against *exposing to sale* on that day, any wares, merchandize, &c. is not applicable to a private contract for the sale of a span of horses, made without violating or tending to violate, the public order and solemnity of the day.

Such a contract is not *necessarily* a public exposure of goods and chattels on Sunday, within the prohibition of the statute. If there is any question of *fact*, on that subject, which is proper for the consideration of the jury, the defendant should ask the court to submit the question to the jury.

THIS was an action brought to recover damages for an alleged breach of warranty in the sale of a span of horses, and was tried before Justice PECKHAM and a jury, at the Sullivan circuit, in October, 1864. The jury found a verdict for the plaintiff. The plaintiff, to maintain the action on his part, was sworn in his own behalf, and also his brother Theodore D. Batsford, who was present with him when the purchase was made, and they in substance testified, that they reside in Sullivan county, and the defendant in Bloomville, town of Kortright, Delaware county; that the last of June or the 1st of July, 1863, the plaintiff left home in search of a span of horses, and came to Bloomville and learned that the defendant had a span which were for sale; on Sunday, the 5th of July, in the morning, the plaintiff went up to the defendant's residence to buy the horses; the defendant was not at home, and he went after him, and he came home with him, and went with the plaintiff and his brother into the field where the horses were, and there caught and exhibited them to the plaintiff by making them show off to the best advantage, and just after noon on Sunday the defendant took the horses from the field, harnessed them before a wagon and with the plaintiff and his brother in the wagon, drove them on a gallop, exhibiting them to the plaintiff; that after seeing them driven and driving and examining them, the plaintiff purchased the horses for the sum of $350, which the plaintiff then and there paid to the defendant, the latter warrant-

ing them to be sound. After purchasing the horses, the plaintiff the same day went as far as Delhi on his way home. These two witnesses also gave further evidence in reference to the soundness of the horses, &c. but as it does not bear upon the questions raised by the bill of exceptions, it is omitted. The plaintiff called several witnesses as to the soundness of the horses and the value, but it was not deemed necessary to state their testimony in the bill of exceptions.

When the plaintiff rested his case the defendant's counsel moved for a nonsuit on the grounds :

1. That the contract is void by common law.

2. That the contract is void by the statute law of this state.

3. That the facts disclosed by the plaintiff show that the horses were exhibited and exposed for sale on Sunday, and that any contract made in reference to them is in contravention of the law for the observance of Sunday, and therefore void, and the plaintiff can not recover for breach thereof.

His honor the justice denied the motion for a nonsuit, and the counsel for the defendant excepted. The defendant was then sworn in his own behalf, and agreed with the other witnesses, substantially, as to the transaction in reference to the exhibition and purchase of the horses, but denied any warranty as claimed, and also testified as to the soundness of said horses when sold, and their value. Several other witnesses were called by the defendant as to the soundness and value of the horses and to contradict the plaintiff, but as none of the evidence bears upon the exceptions, it is omitted. After the evidence was closed and after summing up of counsel, his honor the justice proceeded to charge the jury, and among other things, charged them that if they found from the evidence that the defendant warranted the horses to be sound, and they were satisfied from the evidence they were not sound, they must find a verdict for the plaintiff. To which charge the defendant's counsel excepted. The defendant's counsel then requested his honor the justice, to

charge the jury that the transaction between the parties was in contravention of the law for the observance of Sunday, and the contract was void, which his honor refused to do, and to which refusal the defendant's counsel excepted.· The defendant's counsel further requested the court to charge the jury that the contract was void at common law and also by statute, and that as matter of law their verdict should be for the defendant. His honor refused so to charge, to which refusal the defendant's counsel excepted. The jury found for the plaintiff the sum of $126.49 damages, and it was thereupon, on motion of the defendant's counsel, ordered that the defendant have sixty days in which to make and serve a bill of exceptions, and that the same be heard in the first instance at general term, and that all proceedings on the part of ·the plaintiff be stayed until the said exceptions should be heard and decided.

The case was submitted on printed points, by

*T. F. Bush,* for the plaintiff, and

*Parker & Wilcox,* for the defendant.

*By the Court,* HOGEBOOM, J. The sole question ·presented by the bill of exceptions is, whether the contract is void as being made on Sunday.(*a*)    It is not void at the common law.

(*a*) The act regulating the·observance of the sabbath is a remedial statute, and should be liberally construed. (*Per Nelson, J. in Northrup* v. *Foot,* 14 *Wend.* 248, *and Allen, J. in Smith* v. *Wilcox,* 24 *N. Y. Rep.* 354.) That act is in harmony with the religion of the country, and the religious sentiment of the public, and for the support and maintenance of public morals and good order. (*Per Allen, J. in* 24 *N. Y. Rep.* 354.) Acts not interfering with the benevolent design of the sabbath by disturbing and hindering those who for themselves and families desire to enjoy and improve it, are not prohibited by this statute; and acts not prohibited do not take their character from the day on which they are done, but are lawful or unlawful in reference to the general laws of the land. (*Ibid.*)

The christian sabbath is a civil institution older than our government, and respected as a day of rest, by our constitution; and the regulation of its

Batsford *v.* Every.

(*Boynton* v. *Page*, 13 *Wend.* 425. Story v. *Elliott*, 8 *Cowen*, 27. *Sayles* v. *Smith*, 12 *Wend.* 57.)

.The only section of statute law which is claimed to avoid it is that which declares that "No person shall expose to sale any wares, merchandise, fruit, herbs, goods or chattels, on Sunday." (1 *Edmonds' R. S.* 629, § 71.) I think this section has been declared inapplicable to a case like the pres-

observance as a civil institution has always been considered to be, and is, within the power of the legislature, as much as any regulations and laws having for their object the preservation of good morals, and the peace and good order of society. (*Lindenmuller* v. *The People*, 33 *Barb.* 548.)

The mere making of a bargain, on Sunday, however much it may violate the moral law, is not prohibited by the statute, in New York, and was not void at common law. (*Per Ingraham, J. in Miller* v. *Roessler*, 4 *E. D. Smith*, 235.) And it has been held in *Pennsylvania* that a contract not void at common law, nor expressly avoided by any statute, and which has been fully executed by the parties, binds them, although made on Sunday. (*Shuman* v. *Shuman*, 27 *Penn. State R.* 90.) The delivery of a deed on that day is sufficient to pass the title. (*Ibid. See also Green* v. *Godfrey*, 44 *Maine Rep.* 25.) So a promissory note, given on Sunday, for an antecedent debt is valid. (*Kempman* v. *Hamm*, 30 *Mis.* [9 *Jones*,] 387. *Sanders* v. *Johnson*, 29 *Geo. Rep.* 526.) So as to a bill of exchange. (*Begbie* v. *Levi*, 1 *Car. & P.* 180. 1 *Tyr.* 130.) And although a bill of sale be made on Sunday, one who is not a party to the sale, and who has no interest in the property which is the subject of the contract, can not prevent a recovery by the purchaser, on that ground. (*Richardson* v. *Kimball*, 28 *Maine Rep.* 463.) In *North Carolina* it has been decided that the sale, privately, of a horse, on Sunday, by a horse dealer, to one knowing of the calling of the vendor, is not such a violation, by the buyer, of the statute of that state for the observance of Sunday, as to prevent him from recovering in an action for a deceit and false warranty, against the vendor. (*Melvin* v. *Early*, 7 *Jones*, 356.) But in *Northrup* v. *Foot*, (14 *Wend.* 248,) which was an action for deceit in the sale of a horse, where the sale took place in the state of Connecticut, on a Sunday, it was held that, as by the law of Connecticut, all *secular business* on Sunday is prohibited, the action could not be sustained, either as founded on the deceit, or upon the contract of sale. In *Vermont* it has been held that a contract entered into on Sunday is not a violation, or in any way in contravention, of the statute of that state, if entered into in another state; and that such a contract is not so far *contra bonos mores*, at common law, as not to form the proper subject of matter of an action in the courts of Vermont. (*Adams* v. *Gay*, 19 *Vt. Rep.* [4 *Washb.*] 358.) And it is settled in *Massachusetts* that the *execution of a will*, on Sunday, by a testator, is not "work, labor or business,"

ent, by authority which we are bound to follow. (*See Boynton* v. *Page*, 13 *Wend.* 425; *followed in Miller* v. *Roessler*, 4 *E. D. Smith*, 234.)

In *Boynton* y. *Page, supra*, the court say (*p.* 429,) in refto the above quoted clause: "This prohibition is evidently directed against the *public exposure* of commodities to sale in the streets, or in stores and shops, warehouses or market places. It has no reference to *mere private contracts* which

within the meaning of the statute of that state, and a will so executed is valid. (*Bennett* v. *Brooks*, 9 *Allen,* cited 4 *Am. Law Reg. N. S. p.* 768.) A contract for work and labor, to be void under our statute relative to the observance of Sunday, must be expressly and altogether for an act which the law forbids. It must be a contract for servile labor to be performed on Sunday exclusively and expressly, and not on any other day. (*Merritt* v. *Earle,* 31 *Barb.* 38.) A contract for the transportation of property, upon a steamboat, is not void because made on Sunday; nor because the voyage is to commence on Sunday evening. (*Id.*)

Judicial proceedings on Sunday are forbidden by the common law. Hence an award made on Sunday is void. But any other business can lawfully be done upon that day, unless it is prohibited by statute. (*Boynton* v. *Page,* 13 *Wend.* 429, *per Sutherland, J. Merritt* v. *Earle,* 31 *Barb.* 41, *per Emott, J. Story* v. *Elliott,* 8 *Cowen,* 27.)

An attorney's clerk, employed at a weekly salary to do such things as are usually done by clerks in attorneys' offices, is prohibited by the statute, forbidding "working" on Sunday, from recovering of his principal an extra compensation for services as a clerk, performed on that day. (*Watts* v. *VanNess*, 1 *Hill*, 76.) So it has been held that a special justice in the city of New York, receiving an annual salary for his services in that capacity, can not recover extra compensation for services performed on Sunday. (*Palmer* v. *The Mayor, &c. of New York,* 2 *Sandf.* 318.) And a contract for the publication of an advertisement in a newspaper to be issued and sold on Sunday is held to be void, on the ground that the publication of the advertisement is to be by a public sale of the newspaper on Sunday; and that the opening of a place for the sale and the actual selling of newspapers is within the mischiefs which the act for the observance of Sunday was designed to remedy; inasmuch as it disturbs the public peace and quiet, interferes with the proper religious observance of the day, is opposed to good morals, and tends to draw men away from the duties of piety and religion, and can not be distinguished from traffic in any other article which is the subject of sale in the market. (*Smith* v. *Wilcox*, 24 *N. Y. Rep.* 353, *affirming S. C.* 19 *Barb.* 581; 25 *id.* 341.)

But if property is exposed to imminent danger, it is not a violation of the

Batsford *v.* Every.

are made without violating or tending to produce a violation of the public order and solemnity of the day. Every man is permitted in those respects to regulate his conduct by the dictates of his own conscience."

There are other cases confirmatory of this view of the statute and of the law. (*See Smith* v. *Wilcox*, 24 *N. Y. Rep.* 353; *Drury* v. *Defontaine*, 1 *Taunt.* 131; *The King* v. *Inhabitants of Whitmarsh*, 7 *B. & C.* 596.)

statute, prohibiting labor on the sabbath, to preserve it on Sunday, and remove it to a place of safety. (*Parmalee* v. *Wilks,* 22 *Barb.* 539.)

And though negotiations may be made, or an instrument drawn or executed on Sunday, yet if the contract be not completed, or the instrument delivered until a subsequent day, they will be valid. Thus it has been held that a promissory note, signed on Sunday, but not delivered until some other day, is valid. (*Hilton* v. *Houghton,* 35 *Maine Rep.* (5 *Red.*) 143. *Goss* v. *Whitney,* 24 *Vt. Rep.* (1 *Deane*) 317. *Sherman* v. *Roberts,* 1 *Grant's Cas.* [*Penn.*] 261.) And where the terms of a contract, only, are agreed upon, on Sunday, and it is subsequently executed, it may be enforced. (*Butler* v. *Lee,* 11 *Ala. Rep.* 885.) On Sunday A. proposed to B. that if he would resume work on a railroad he would pay him when the job should be completed. On Monday, B., with others, took the subject into consideration, and on Tuesday went to work and performed the job. In an action of assumpsit it was held that the contract was not made on Sunday, and that B. was entitled to recover. (*Stackpole* v. *Symonds,* 3 *Foster,* [*N. H.*] 229.) And in *Merrill* v. *Downs,* (41 *N. H.* 72,) which was an action of assumpsit to recover the price of land, paid by the plaintiff to the defendants, on a week day, pursuant to an executory contract previously made, on Sunday, by the plaintiff, with one of the defendants, subject to the subsequent approval or rejection of the other, who refused to confirm the sale and convey the land, it was held that the contract, being executory in its character, and not completed on Sunday, was not rendered so far illegal as to prevent the recovery of the price paid, in this form of action.

It has been held, in England, that the statute does not extend to any case where the consideration has been *executed,* and a property, either general or special, passed in the chattels which are the subject of it. (*Scarfe* v. *Morgan,* 4 *Mees. and Wels.* 270.)

Where propositions for a purchase and sale of property were made on Saturday, but the contract was completed by delivery on Sunday, it was held, in *Smith* v. *Foster,* (41 *N. H.* 215,) that the contract must be considered as made on Sunday.

When the day for the *performance* of contracts other than instruments upon which days of grace are allowed, falls on Sunday, that day is not counted,

Batsford *v.* Every.

The cases referred to by the defendant's counsel, (*Watts* v. *Van Ness*, 1 *Hill*, 76 ; *Palmer* v. *Mayor of N. Y.*, 2 *Sandf.* 318 ; *Northrup* v. *Foote*, 14 *Wend.* 218 ; *Smith* v. *Wilcox*, 19 *Barb.* 581 ; 25 *id.* 341 ; 24 *N. Y. Rep.* 353,) are all of them distinguished by their special circumstances from the cases above quoted.

It can not, I think, be said that the transaction between

and compliance with the stipulations of the contract on the next day (Monday) is deemed in law a performance. (*Salter* v. *Burt*, 20 *Wend.* 205. *Avery* v. *Stewart*, 2 *Conn. Rep.* 69. *Stryker* v. *Vanderbilt*, 3 *Dutch.* [*N. J.*] 68. *Dalamater* v. *Miller*, 1 *Cowen* 75. *Anon.* 2 *Hill*, 375. *Staples* v. *Franklin Bank*, 1 *Metc.* 47. *Barret* v. *Allen*, 10 *Ohio R.* 426. *Stebbins* v. *Leowolf*, 3 *Cush.* 137.) Thus where the last day for paying a premium on a life policy falls on Sunday, the premium may be paid on the next day thereafter. (*Campbell* v. *The International Life Assurance Society*, 4 *Bosw.* 298.)

A contract executed on Sunday will not be validated by a subsequent *recognition* of it by the parties. (*Butler* v. *Lee*, 11 *Ala. Rep.* 885.) Yet where A. on Sunday, sold a horse to B. for which the latter on the same day gave A. his note, and afterwards made two payments thereon, and retained the horse, without offering to return the same, it was held, in Vermont, that the making of these payments upon the note, accompanied by the retention of the property, was a subsequent *ratification* of the contract, and that A. was entitled to recover the balance due upon the note. (*Sumner* v. *Jones*, 24 *Vt.* [1 *Deane*] *Rep.* 317.) And where a contract for the sale of goods which have been delivered to, and returned by, the purchaser, is void by reason of its having been made on a Sunday, a subsequent promise to pay will entitle the vendor to recover the value upon a *quantum meruit*. (*Williams* v. *Paul*, 4 *M. & P.* 352. 6 *Bing.* 653.)

In all cases of contracts entered into on Sunday, if either party have done any thing in *execution* of the contract, it is competent for him, upon another day, to demand of the other party a *return of the thing delivered*, or where that is impracticable, compensation ; and if the other party refuse, the original contract becomes thereby affirmed, and the same rights and liabilities are induced as if the contract had been made upon the latter day. (*Adams* v. *Gay*, 19 *Vt.* [4 *Washb.*] 358.)

An agreement made on Sunday, for the rent of land, is void under the statute, in Alabama, and can not be set up by either party as a contract ; yet it may be looked at in connection with other circumstances, to explain the character of the defendant's possession, and to account for the subsequent conduct of both parties in relation to the land. It may be proved as a declaration or admission on the part of the plaintiff, forming a part of the *res gestæ*. (*Rainey* v. *Capps*, 22 *Ala. Rep.* 288.)

the parties in the case at bar was *necessarily* a public exposure of goods and chattels for sale on Sunday, within the prohibition of the statute. If there were any question of *fact* on that subject, which on the evidence was proper for for the consideration of the jury, the defendant should have asked the court to submit the question to the jury, which he did not do.

I think there was no error in the disposition of the case at the circuit, and that a new trial should be *denied;* and that the plaintiff should have judgment on the verdict.

New trial denied.

[ALBANY GENERAL TERM, December 4, 1865. *Hogeboom, Miller* and *Ingalls,* Justices.]