JAMES O'SHEA, Respondent, *v.* HENRY KOHN, Appellant.

*Sunday laws — when the validity of a sale of meat, on Sunday, cannot be disputed by the purchaser — undertaking upon arrest — the plaintiff may sign it with the sureties — Code of Civil Procedure, sec.* 559.

In an action brought to recover damages sustained by the plaintiff because of his having been induced to sell meat to the defendant by reason of fraudulent representations made by the latter, an order for the arrest of the defendant was made.

*Held,* that the fact that beef was sold on Sunday presented no reason for vacating the order.

That the fact that the plaintiff had received and still held a worthless check of the defendant was no answer to the action, as the check could be surrendered on the trial.

Where an undertaking, given upon procuring an order of arrest, is duly signed by two sureties, as required by section 559 of the Code of Civil Procedure, it is not invalidated by the fact that the plaintiff himself also subscribed it.

APPEAL from an order made at a Special Term, denying a motion to vacate an order of arrest.

*Ira Leo Bamberger,* for the appellant.

*Louis Cohen,* for the respondent.

DANIELS, J.:

The motion was made because of the alleged insufficiency of the affidavits on which the order was founded. The action was brought to recover the price of a quantity of beef delivered on the 10th of February, 1884. This beef, together with preceding deliveries, was shown by the affidavit of John Annett, who acted as the plaintiff's agent in his business, to have been obtained by the defendant upon the representations that he was one of the firm of Block & Kohn, doing business at No. 22 Fulton row, West Washington market. He was not a member of this firm, but the agent, believing that he was, delivered the beef to him. It further appeared that the firm itself was dissolved about three weeks before the sale in controversy was made, and that fact was concealed by the defendant from the plaintiff's agent. The defendant himself was insolvent, and a check afterwards given by him for the price of the beef, was refused pay ·

ment by the bank on which it was drawn for the want of funds. The firm itself was in good credit, and the beef was delivered upon the sole reliance that the representation made was true, and it would not have been delivered if it had not been for these facts. These statements were sufficient to make out a fraudulent purchase of the beef, and it was no answer to the right of the plaintiff to maintain such an action that a worthless check of the defendant had afterwards been given for the purchase-price. The plaintiff will be at liberty to surrender this check upon the trial, and in that manner relieve himself from all responsibility arising out of its possession.

When the complaint shall be served, allegations containing statements of these facts will set forth a cause of action for the fraudulent purchase of the plaintiff's property, and the right to damages for its value. If they shall be established upon the trial, they will authorize a recovery to that extent in such an action. The rules upon this subject are so well settled as to require no authority to establish this conclusion.

It is also objected in support of the appeal, that the day on which the beef is stated to have been sold was Sunday, and for that reason it is insisted that no action can be maintained for the recovery of its value. But the law has not yet extended so far as to permit a person by means of false representations to obtain the goods or property of another and escape liability upon the fact that the wrong was perpetrated on Sunday. The Code of Criminal Procedure has been extended no farther than to prohibit the public selling, or offering or exposing for sale publicly, on Sunday certain commodities mentioned in it. (Penal Code, § 267.)

From this prohibition meats, milk and fish have been excepted and have been allowed to be sold at any time before nine o'clock in the morning. And it is not to be inferred from anything contained in the affidavit that this sale was not within this exception. The cases relied upon also fail to sustain this objection. In *Northrup* v. *Foot* (14 Wend., 248), the point arose under the law of the State of Connecticut, prohibiting any secular business, work or labor, which was broader than any law upon the same subject enacted in this State. In *Watts* v. *Van Ness* (1 Hill, 76), the claim was for working on Sunday in plain violation of the restraints of the statute, and in *Smith* v. *Wilcox* (24 N. Y., 353), it arose upon a contract for the

publication of an advertisement in a newspaper to be issued and sold on Sunday, which was considered to be a violation of the statute prohibiting servile labor or work on that day. These cases are all distinguishable from the present one which, as already stated, may very well be within the exceptions contained in the statute itself.

The order of arrest contained all it was required that it should by section 561 of the Code of Civil Procedure. In no respect was it substantially defective. There were also two sureties in the undertaking which fully satisfied the requirement made by section 559 of the Code of Civil Procedure, although it was also subscribed by the plaintiff himself, who in that manner became a party to it. The case of *Morss* v. *Hasbrouck* (10 Abb. N. C., 407), merely held that the party himself could not be one of the two sureties, but did not exclude him from becoming a party to the undertaking when in all other respects it appeared to conform to all that the law prescribed.

The order from which the appeal has been taken should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.