McCORMICK v. HAZARD.

(Supreme Court, Appellate Term.   June 21, 1912.)

1. SUNDAY (§ 21*)—CONTRACT—VALIDITY—PLEADING.
   Where a broker arranged the terms of an exchange of property at a
   meeting between the parties on Saturday evening, the fact that the writ-
   ten contract was signed on Sunday did not affect the broker's right to
   recover his commission, under an allegation that "at the time of making
   the contract defendant agreed to pay plaintiff $835"; the agreement
   having been made on Saturday.
   [Ed. Note.—For other cases, see Sunday, Cent. Dig. § 55; Dec. Dig.
   § 21.*]

2. SUNDAY (§ 13*)—CONTRACTS—VALIDITY.
   Penal Law (Consol. Laws 1909, c. 40) § 2143, prohibiting the perform-
   ance of labor on Sunday, and section 2146, prohibiting the carrying on of
   trades, manufactures, and agricultural or mechanical employments on
   Sunday, do not render a contract for the sale of real estate, signed and
   delivered on Sunday, void for that reason.
   [Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 36–44; Dec.
   Dig. § 13.*]

Appeal from City Court of New York, Trial Term.

Action by Stephen McCormick against Elmer C. Hazard.  From a
judgment of the New York City Court, dismissing the plaintiff's
case, he appeals.  Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BI-
JUR, JJ.

Henry Meyer, of New York City (Harry A. Gordon, of counsel),
for appellant.

Averill & Short, of New York City (James A. Gray, of counsel),
for respondent.

SEABURY, J.   The complaint alleges that on March 15, 1911,
the defendant employed the plaintiff as a broker, for the purpose of
effecting an exchange of certain real estate in New York City owned
by the defendant, and that on or about the 22d day of April, 1911,
the plaintiff procured for defendant a purchaser for said property,
who agreed to exchange property situated in Dutchess county for
the property of the defendant, and that "at the time of making the
contract" the defendant agreed to pay the plaintiff $835.  The plain-
tiff proved that he brought the defendant to the house of Mrs. Wil-
liams, who owned property in Dutchess county, and that the contract
for exchange had then been prepared, and that the defendant and
Mrs. Williams agreed upon all the terms of the exchange.  This
meeting took place on Saturday evening, April 22, 1911.  On the
following day, the contract, which bears date April 22d, was signed by
the parties.  The contract was offered in evidence by the plaintiff,
and excluded by the learned court below, on the ground that it was
signed on Sunday, and was, therefore, an illegal contract.  Upon
this ground, and because the complaint alleged that "at the time of

making the contract" the defendant agreed to pay the plaintiff $835 for his services, the court dismissed the complaint.

[1] The plaintiff became entitled to his commissions when the parties to the exchange agreed upon the terms and conditions upon which the exchange was to be made. This agreement took place on Saturday evening, April 22d. The fact that the contract which the parties had entered into was not formally signed and delivered until the day following was a circumstance wholly immaterial, and in no way affected the right of the plaintiff to recover under his pleading. Tanenbaum v. Boehm, 126 App. Div. 731, 111 N. Y. Supp. 185, affirmed 202 N. Y. 293, 95 N. E. 708. At common law, the making of a contract on Sunday is not void. Batsford v. Every, 44 Barb. 618; Miller v. Roessler, 4 E. D. Smith, 235.

[2] Section 2143 of the Penal Law (Consol. Laws 1909, c. 40), which prohibits the performance of "labor" on Sunday, and section 2146 of that law, which prohibits trades, manufactures, and agricultural or mechanical employments on Sunday, do not condemn or render void a contract signed on that day. The Sunday laws are to be liberally construed, and acts done on that day, which do not disturb or interfere with others, and are not contrary to the design sought to be accomplished by such laws, are not illegal. Northrup v. Foote, 14 Wend. 248; Smith v. Wilcox, 24 N. Y. 354, 82 Am. Dec. 302. Thus a deed delivered on that day is sufficient to pass title. Shuman v. Shuman, 27 Pa. 90. And our Court of Appeals has held that a contract for the sale of property made on Sunday is not, for that reason, void. Eberle v. Mehrback, 55 N. Y. 682. Other cases asserting the same principle are collated in a note to Batsford v. Every, supra.

We think that the evidence shows that the plaintiff completed his services on Saturday, and that his right to his commissions accrued at that time. Even if it could be held that, in view of the allegation of his pleading, the right to his commissions did not accrue until the contract was signed, the fact that the parties to the exchange executed that contract on Sunday did not operate to deprive the plaintiff of the fruits of his labor.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.