Milton Levine, J. P.
The defendant, Meyer Binstock, who owns and operates a meat market in the hamlet of Mountaindale, has been charged with the crime of Sabbath-breaking, in violation of section 2147 of the Penal Law, on Sunday, June 30, 1957, in that he ‘ ‘ did permit the public sale of uncooked flesh food, to wit: fresh chopped meat, in violation of the above mentioned section
Evidence was adduced at the trial, that the defendant is of the Jewish faith, that he operates a kosher meat market, that he observes Saturday as his Sabbath and that he has always kept his market closed on his Sabbath (Saturday). The defendant’s premises are located in a commercial area and in a community whose economy is almost entirely dependent upon the summer resort business. Further evidence was adduced at the trial that there are no churches in the vicinity of the defendant’s place of business and that there are no churches in the entire hamlet of Mountaindale; the only house of worship in that hamlet being a synagogue.
The section of the Penal Law which is alleged to have been violated by the defendant, reads in part as follows: “ § 2147. Public traffic on Sunday. All manner of public selling or offering for sale of any property upon Sunday is prohibited, except as follows: * * * The provisions of this section, however, shall not be construed to allow or permit the public sale or exposing for sale or delivery of uncooked flesh foods, or meats, fresh or salt, at any hour or time of the day. Delicatessen dealers shall not be considered as caterers within subdivision three hereof.”
*1041 ‘While section 2147 prohibits the sale of meats on Sunday, as well as certain other articles, I must take into consideration the basic section of the statute, section 2140 of the Penal Law, which clearly defines the meaning and intent of section 2147. (People v. Dennin, 35 Hun 327.) Section 2140 reads as follows: “§ 2140. The Sabbath. The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community ’ ’.
The question involved in this particular case is whether the defendant, by selling meat or meats on Sunday, seriously interrupted the repose and religious liberty of the hamlet of Mountaindale. In view of the commercial nature of the area in which defendant’s market is located and the fact that there is not a single church in the community, then it is clear that the religious repose and solemnity in the community was in no wise disturbed by the act or acts of the defendant.
Whether an act done on Sunday comes within the qualifications and exceptions of the statute will depend upon the peculiar circumstances of each case. In general, the acts prohibited by the Sabbath statutes are not too clear and create an illogical and inconsistent pattern. (People v. Law, 142 N. Y. S. 2d 440.)
It does not appear that it has ever been the policy of the Legislature to strictly enforce the cessation of all kinds of acts on the Sabbath. It is clear that it was the Legislature’s intent to prevent serious interruptions of the repose and religious liberty of the community.
The commission of acts which do not interrupt the repose and religious liberty of the community is not within the prohibition of the statute. (McCormick v. Hazard, 77 Misc. 190.)
A case directly in point and from which a substantial amount of the conclusions reached above have been taken is People v. Law (supra), in which said case and under somewhat similar circumstances, the Magistrate sitting in Special Sessions dismissed the complaint and discharged the defendant.
I am also of the opinion that it was never the intention of the Legislature to tell a person on what day he or she shall observe his Sabbath, or whether he or she shall observe any Sabbath. In the instant case, the defendant observes Saturday as his Sabbath, and clearly Sunday is not his Sabbath. He should be permitted to conduct his business on Sunday, provided it does not interrupt the religious repose and liberty of the community. From the evidence, the above violation did not affect the religious repose of the community in question. The Legis *1042 lature should enact a statute upon Sunday observance that would plainly express the prohibited acts so that the public would be able to know, without judicial construction, what it intended to prohibit and where it intended to prohibit these acts.
I feel very strongly about safeguarding the religious repose, solemnity and liberty of every community in our State on Sunday and particularly during the hours of religious observances. The Alcoholic Beverage Control Law of this State, particularly sections 105 and 105-a, contains certain provisions and restrictions concerning the sale of alcoholic beverages on Sundays and also near buildings occupied exclusively as a school, church, synagogue or other place of worship. From reading these sections, it is clear that the Legislature intended by the provisions and restrictions therein, to safeguard the religious liberty and repose of the community.
The Alcoholic Beverage Control Law clearly defines the hours of the day liquors may be sold on Sunday and states that no license will be issued to any premises within 200 feet of a building used as a school, church, synagogue or other place of worship. The Legislature of this State should likewise clearly define the Sabbath-breaking laws as apply to the business other than those selling alcoholic beverages.
In view of the nature of the community in which this defendant conducts his business, the type of business he conducts, the absence of any church or churches in the area, and upon the facts adduced at the trial and the interpretation and intent of the law, it is impossible for me to perceive, how, in this case, the acts of the defendant could possibly constitute a serious interruption of the repose and religious liberty of the community.
The defendant is found not guilty and is discharged.