# COURT OF APPEALS.

## December 17, 1912.

## THE PEOPLE v. THOMAS DUNFORD.

### (207 N. Y. 17.)

(1.) SUNDAY—PUBLIC TRAFFIC ON—FORBIDDEN—PENAL LAW, § 2147.

The legislature has the authority to enact laws regulating the observance of the Sabbath day and to prevent its desecration, and as to the acts which should be prohibited, as disturbances, or profinations of the Sabbath day, it is the sole judge.

(2.) SAME—OFFERING REAL ESTATE FOR SALE ON SUNDAY IS NOT VIOLATION OF STATUTE.

The defendant was convicted in the Court of Special Sessions of having violated section 2147 of the Penal Law in that he " offered certain real estate property for sale on Sunday." Complainant met and accosted the defendant upon a railroad train and showed him a map of certain lots of land, and complainant asked the price of a lot, and, upon being informed, declined to buy at that time. Section 2147 has for its caption "Public Traffic on Sunday." It reads: "All manner of public selling or offering for sale of any property upon Sunday is prohibited," followed by certain exceptions thereto. On examination of sections 2140-2149 of the Penal Law, *held*, that the property which must not be sold or offered for sale on Sunday is that which consists in commodities, or articles of merchandise, and, hence, defendant's conviction was unauthorized.

*People v. Dunford*, 146 App. Div. 923, reversed.

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 8, 1911, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of a violation of section 2147 of the Penal Law.

The facts, so far as material, are stated in the opinion.

*George R. Bristor,* for appellant. The evident intent of the legislature in this section is to forbid trafficking on Sunday in personal property. (2 R. S. 676, § 71; Penal Code, § 267;

Merritt v. Earle, 29 N. Y. 117; Ayres v. Lawrence, 59 N. Y. 196; Batsford v. Every, 44 Barb. 618; Smith v. Wilcox, 24 N. Y. 353; Drury v. Defontaine, 1 Taunt. 131; King v. Inhabitants of Whitemarsh, 7 D. & C. 596; Miller v. Roessler, 4 E. D. Smith, 235; Tracy v. T., etc., Co., 38 N. Y. 437; People ex rel. v. Clute, 50 N. Y. 451; Matter of Rochester Comm., 66 N. Y. 422.)

*Albert C. Fach,* district attorney (*Frank H. Innes* of counsel), for respondent. The section in question is broad enough to cover any and all sales or offers to sell of any property, not expressly excepted. (Penal Law, §§ 2140, 2143, 2147; Mason v. Hackett, 35 Hun, 238; Lindenmuller v. People, 33 Barb. 548; People v. Moses, 140 N. Y. 214; People v. Havnor, 149 N. Y. 195; People v. Zimmerman, 48 Misc. Rep. 203; Merritt v. Earle, 29 N. Y. 117; Batsford v. Every, 44 Barb. 618; McCormick v. Hazard, 77 Misc. Rep. 190.)

GRAY, J.—The defendant was convicted in the Court of Special Sessions of having violated section 2147 of the Penal Law (Cons. Laws, ch. 40) and the conviction has been affirmed by the Appellate Division, in the second department. The defendant now appeals to this court and claims that he was not shown to have violated the statute. Section 2147 prohibits " public traffic on Sunday " and the specific act, with which the defendant was charged, was that he " offered certain real estate property for sale " to the complainant, a detective sergeant, on Sunday, December 18th, 1910. According to the testimony of the complainant, he met the defendant upon a railroad train, which was running between the stations of St. George and Tottenville, on Staten Island. The defendant accosted him and showed him a map of certain lots of land. The complainant asked the price of a corner lot and, upon being informed, stated that he did not think he would buy it; that he would think the matter over and call during the week. The

evidence permits it to be understood that the train carried a number of persons to a point where land had been mapped out into lots for selling purposes; but the only overt act, which was shown on the defendant's part, in the way of a business transaction, was his offering of lots of land for sale to the complainant. Section 2147 is contained in the article of the Penal Law relating to the Sabbath. Section 2140 prohibits the doing on the Sabbath day of certain thereinafter specified acts and succeeding sections define Sabbath breaking, the punishment therefor and the acts prohibited. Section 2147 has for its caption "Public Traffic on Sunday." It reads as follows: "All manner of public selling or offering for sale of any property upon Sunday is prohibited, except that articles of food may be sold and supplied at any time before ten o'clock in the morning, and except also that meals may be sold and eaten on the premises where sold or served elsewhere by caterers; and prepared tobacco, milk, ice and soda-water in places other than where spirituous or malt liquors or wines are kept or offered for sale, and fruit, flowers, confectionery, newspapers, drugs, medicines and surgical appliances may be sold in a quiet and orderly manner at any time of the day. The provisions of this section, however, shall not be construed to allow or permit the public sale or exposing for sale or delivery of uncooked flesh foods, or meats, fresh or salt, at any hour or time of the day."

The question for our determination is whether the act of the defendant came within the prohibition of that section. That the legislature has the authority to enact laws regulating the observance of the Sabbath day and to prevent its desecration is not, and cannot well be, disputed. The day is set apart by the statute for repose and for religious observance; objects which pertain to the physical and moral well being of the community. As to the acts which should be prohibited, as disturbances, or profanations, of the Sabbath day, the legislature is the sole judge. (See Lindenmuller v. People, 33 Barb. 548; Neuendorff v. Duryea, 69 N. Y. 557, at p. 563; People v.

Moses, 140 id. 214, 11 N. Y. Crim. 8.)    Does a proper construction of the language of section 2147 comprehend the act, with which the defendant was charged?   Did that constitute "public traffic" and do the words "any property" refer to real estate, as well as to commodities, or articles of personal property?   Nothing in the reading of the section would suggest to the ordinary mind that the "public traffic" to be prohibited related to an effort to sell real estate, such as the defendant was proved to have made.   The word "traffic" has the popular meaning of an exchange, or a passing, of goods, or commodities, for an equivalent in goods, or money.   (See Webster's Dictionary and 28 Am. & Eng. Ency. of Law [2d ed.], p. 443.)   The language of the section seems to point to the public exposure of articles for sale in the streets, in stores, or shops, as the thing to be prevented.   When we consider the provisions of section 2149, which impose, in addition to the punishment of fine, or imprisonment, imposed by section 2142 for Sabbath breaking, the penalty of a forfeiture of "all property and commodities exposed for sale," the idea of real estate being included within the term "property" in section 2147 is strongly negatived.   The language of a statute intended for the public good should receive a liberal construction, undoubtedly; but that construction must be one which harmonizes with the reason of the thing.   It should declare a legislative intent, which the words of the statute and contemporaneous statutory enactments, *in pari materia,* will justify.   If we consider section 2149, to which we have just referred, we find it providing that "all property and commodities exposed for sale on the first day of the week in violation of the provisions of this article shall be forfeited," and, upon conviction of the offender, that a warrant shall issue "for the seizure of the forfeited articles, which * * * shall be sold * * * and the proceeds paid to the overseer of the poor," etc.   This section makes it certain, in my opinion, that the property which must not be sold, or offered for sale, on Sunday is that which consists in commod-

ities, or articles of merchandise; for such only is capable of seizure and forfeiture. The scheme of the Penal Law is to prohibit the doing of certain acts specified on the first day of the week, because constituting " serious interruptions of the repose and religious liberty of the community " and, therefore, a " Sabbath breaking." (Sections 2140, 2141.) Section 2142 prescribes a punishment by fine, or imprisonment, or by both. Section 2143 prohibits labor on Sunday excepting the works of necessity and charity. Section 2144 makes exception in favor of those who " keep another day of the week as holy time." Section 2145 prohibits " all shooting, hunting, fishing, playing, horse racing, gaming or other public sports, exercises or shows, upon the first day of the week, and all noise disturbing the peace of the day." Section 2146 prohibits all trades, manufactures, agricultural, or mechanical employments on Sunday, except as they may be acts of necessity which may be performed so as not to interfere with the repose and religious liberty of the community. It seems to be intended by this legislation to declare that act a nuisance, which disturbs the public rest on Sunday, or tends to profane the day by any unnecessary, or noisy, conduct.

We may assume that the defendant was interested in inviting public attention to a proposed sale of lands. If it had been shown that a concourse of persons had been attracted, with accompaniments of a noisy character, or, even, that there had been an offering of the lands at public auction, perhaps, a case of Sabbath breaking might have been made out under section 2145, which prohibits " all noise disturbing the peace of the day." No such charge, however, was made.

For these reasons, I think that the judgment of conviction should be reversed and that the defendant should be discharged.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment of conviction reversed, etc.