(92 Misc. Rep. 254)

### PEOPLE ex rel. BRIGGS v. OWEN, Sheriff.

(Supreme Court, Special Term, Monroe County. November 22, 1915.)

1. SUNDAY ⬤⇒29—CRIMINAL PROSECUTIONS—SUFFICIENCY OF INFORMATION.

Penal Law (Consol. Laws, c. 40) § 2143, provides that all labor on Sunday is prohibited, except works of necessity or charity. An information charged that defendant wrongfully performed labor on Sunday, and on such day wrongfully placed pool and billiard balls on tables, racked them, placed them in position, removed them, made out checks of the players' time, stamped the checks with a machine, computed the time the players had played and the amount due, received money from the players for the use of tables, and registered the amount on a cash machine, and that such labor was not a work of charity, but was performed for profit and gain. Held, that the information charged the misdemeanor of unlawfully performing labor on Sunday; the relative unimportance of the acts charged as items of labor raising no question of law.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. §§ 13, 67, 69-72; Dec. Dig. ⬤⇒29.]

2. SUNDAY ⬤⇒4—WORK OR LABOR—STATUTORY PROVISIONS.

Penal Law, § 2143, prohibits all labor on Sunday which is not a work of necessity or charity, and does not, as claimed, prohibit only such labor as is performed in connection with some of the occupations, pursuits, employments, or sports prohibited on Sunday.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 4; Dec. Dig. ⬤⇒4.]

3. SUNDAY ⬤⇒2—STATUTES—CONSTRUCTION—JUDICIAL FUNCTIONS.

The courts must apply with Sunday law as it is written in the statute, and have nothing to do with differences of belief as to the moral principles involved.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 2; Dec. Dig. ⬤⇒2.]

Habeas corpus proceeding by the People, on the relation of Charles H. Briggs, against Charles S. Owen, Sheriff of the County of Monroe. Application for discharge denied, and defendant remanded to the custody of the sheriff.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John F. Kinney, of Rochester, for relator.

B. B. Cunningham and William F. Love, both of Rochester, for respondent.

SUTHERLAND, J. The relator, at the time the writ of habeas corpus was applied for, was in the custody of the sheriff of Monroe county, awaiting trial before the police court of Rochester on the charge of Sabbath breaking by the performance of labor not a work of charity or necessity on Sunday, September 26, 1915, in the city of Rochester, in violation of section 2143 of the Penal Law, which reads as follows:

"All labor on Sunday is prohibited, excepting the works of necessity and charity. In works of necessity or charity is included whatever is needful during the day for the good order, health or comfort of the community."

[1] In the briefs of counsel and upon the argument it has been assumed that the charge as laid relates to acts done in a public billiard hall or pool room of which the relator, Briggs, was the proprietor, and that the acts done by him, charged to be unlawful labor on Sunday, were incidental to the carrying on of his business as the proprietor of such public billiard or pool room in waiting upon the players or customers who were on said Sunday playing games of billiards or pool then and there permitted by him to be engaged in, for which privilege and service he charged and received a money consideration.

It will be observed, however, that the written information on which the warrant for the arrest of the relator was issued does not state that the labor was performed in a public pool room, or that the relator was the proprietor. The facts stated in the information are as applicable to the performance of this labor in a private club by a hired servant as to its performance by the proprietor of a public hall in attending to his own business. The words of the information describing the act constituting the misdemeanor are as follows:

"That on the 26th day of September, 1915, at the city of Rochester, in this county, one Charles H. Briggs did wrongfully and unlawfully perform labor on Sunday, and did wrongfully and unlawfully on said date, which was the first day of the week, and which was Sunday, place pool balls on a table and rack said pool balls and place them in position, place billiard balls on a table and remove said billiard balls from a table and place them in a case, and did make out a check of the players' time at said pool table and at said billiard table, and did stamp said time with a machine on a check, and did compute the time the players had played, and did compute the amount due from the players for so using said pool and billiard tables, and did receive from said players money for using said pool and billiard tables, and did register on a cash machine the amount so received. That said labor so performed by the said Charles H. Briggs was not a work of necessity, and was not a work of charity, but was performed by the said Charles H. Briggs for profit and gain. All of which is wrongful and unlawful, and is prohibited by and is in violation of section 2143 of the Penal Law of the state of New York. That deponent was present at said time and place and saw the said Charles H. Briggs perform all of said labor, except the placing of the pool and billiard balls on the tables, and the racking of said pool balls, and that as to those acts of labor the said Charles H. Briggs admitted to deponent that he had done and performed the same."

The warrant goes further than the information on which it was issued, and states the crime to be:

"A misdemeanor, to wit, Sabbath breaking, by performing work and labor in a pool and billiard room incidental to a game of billiards and pool, supervised and permitted by Charles H. Briggs and played in his billiard and pool room over 194 Main Street East, at Rochester, N. Y., on September 26, 1915, in violation of section 2143 of the Penal Law of the state of New York."

The learned counsel for the relator has indulged in no casuistry whatever as regards the wording of the information, and all the counsel engaged in the case seem to desire an authoritative decision upon the merits as to whether the labor thus alleged to be performed by the relator was unlawful, assuming that it was performed on Sunday in his own public, licensed billiard and pool room in the city of Rochester.

[2] In this connection it is urged by the learned counsel for the relator that it is not a violation of the Sunday law to keep open a public, licensed billiard or pool room and, for a money consideration, to permit billiards and pool to be played there on the Sabbath, and that consequently the labor performed in connection with the lawful business of such pool room, which is merely incidental thereto, is not labor unlawfully performed. In other words, it is argued that the only labor prohibited by section 2143, above quoted, is that performed in connection with some of the occupations, pursuits, employments, or sports prohibited by statute on Sunday.

I do not think the latter statement is a correct interpretation of the legislative intent, as drawn from the history of Sunday laws or the plain reading of the text as it stands to-day, because all labor is prohibited which is not a work of necessity or charity. That labor only is permitted which is a work of necessity or charity, which includes whatever is needful for the good order, health, or comfort of the community; and a question of fact might arise in border line cases as to what is needful for the health or comfort of the community, but such a question of fact is not involved on this habeas corpus proceeding. Therefore it would be going beyond the necessities of the present case to express any view upon the correctness of the premise of the learned counsel for the relator that, aside from the performance of labor, the running of a public billiard hall on Sunday is not prohibited by statute, and the playing of pool or billiards in such a place on Sunday is not unlawful.

The fact that contradictory interpretations have been put upon the Sunday law by courts and judges in various parts of the state makes it increasingly difficult for local police authorities to deal intelligently and consistently with this obtrusive subject. In People v. Hemleb, 127 App. Div. 356, 111 N. Y. Supp. 690, the Appellate Division of the Second Department in 1908 (with two justices dissenting), in a motion picture show case, held that the prohibition against "all shooting, hunting, fishing, playing, horse racing, gaming or other public sports, exercises or shows, upon the first day of the week" (Penal Code, § 265, now Penal Law, § 2145), applies only to those pursuits when carried on out doors. A contrary opinion has been expressed by several justices of this court sitting in districts outside the Second Department, who have declined to follow the ruling in the Hemleb

Case.   Recently, there has been asserted in current judicial opinion interpreting the statute a distinction between commercialized sports or amusements promoted as a business for the money there is in it, and games of a more spontaneous and amateur character, which are engaged in for the recreation of the participants, although that distinction, however it might be justified as a matter of public policy, does not seem to me so apparent in the wording of the present law as is the distinction between sports or games carried on in public places and those carried on in a private place.

[3] A very large number of people have come to believe that recreations and amusements of a healthful and pleasurable character, for a portion of the day at least, may contribute to the "rest" and are not inconsistent with the "religious liberty" which the present statute says must not be interrupted during the Sabbath day.   Differences of belief as to the moral principles involved are not for the courts to weigh and choose between, for the courts must apply the law as it is written in the statute; but unfortunately the conflicting decisions of the judges have brought about the unusual and very regrettable condition that what is considered lawful in one part of the state is condemned as a crime elsewhere.   With all due deference, I venture the assertion that it is now time for the Sunday law to be rewritten by the Legislature of the state, in order to remove the unfortunate uncertainties that now exist as to the application of the present statute, and to make the law conform to the wholesome sentiment of the present day, if the law as it now stands seems to the Legislature to be too stern and repressing.

In this habeas corpus proceeding I shall not consider whether the acts charged in the information, viewed as acts of labor, are only trivial. The relative unimportance of the acts as items of labor does not raise a question of law or jurisdiction.   The information, in my judgment, charged the misdemeanor of unlawfully performing labor on Sunday, which is all that is before the court at this time.

The application for the discharge of the relator is accordingly denied, and he is remanded to the custody of the sheriff to await further proceedings in the police court.