## SUPREME COURT — APPELLATE TERM — FIRST DEPARTMENT.

December, 1921.

## KEY SYSTEM INSTITUTE v. PHIL WEISSMAN.

(117 Misc. 295.)

SABBATH LAWS—AGREEMENT FOR INSTRUCTION, PERFORMED PARTLY ON SUNDAY, ENFORCIBLE—PENAL LAW, §§ 2140, 2143.

An agreement to give defendant at his home a course of instruction in named subjects, though to be performed in part on Sunday, does not constitute a serious interruption of the repose and religious liberty of the community, does not infringe the inhibition of the Penal Law, §§ 2140, 2143, and is enforcible.

(People v. Dunford, 207 N. Y. 17, followed.)

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, third district, dismissing the complaint upon the merits.

*Harry Stackell,* for appellant.

*Jacob M. Zinaman,* for respondent.

DELEHANTY, J.:

The action is upon a written agreement executed by the parties hereto which provides in part that plaintiff is to give a course of instruction to defendant in the three R's as well as certain other subjects named, at the home of the defendant on Wednesday and Sunday of each week. The learned court below, after a trial, found for plaintiff upon all points except one and then dismissed the complaint upon the theory that the contract was void in that it provided for a part performance on Sunday contrary to the provisions of section 2143 of the Penal Law of this State (Consol. Laws; Laws of 1909, chap. 88).

22

The point presented for determination is not only interesting but highly important from a public standpoint. This court has held in construing certain sections of the so-called Sabbath laws, sections 2140, 2152 of the Penal Law, that they are to be liberally construed, and acts done on that day, which do not disturb or interfere with others, and are not contrary to the design sought to be accomplished thereby, are not illegal. (McCormack v. Hazard, 77 Misc. Rep. 190.) This decision is in consonance with the rule laid down by the Court of Appeals in People v. Dunford, 207 N. Y. 17, 20, where the construction of section 2147 of the Penal Law was involved. Judge Gray writing for a unanimous bench there said: "The language of a statute intended for the public good should receive a liberal construction, undoubtedly; but that construction must be one which harmonizes with the reason of the thing. It should declare a legislative intent, which the words of the statute and contemporaneous statutory enactments, *in pari materia,* will justify." With these rules as a guide it remains to be determined whether the contract in suit infringes the inhibition of the section of the Penal Law involved herein. This section 2143 provides as follows: "All labor on Sunday is prohibited, excepting the works of necessity and charity. In works of necessity or charity is included whatever is needful during the day for the good of the order, health or comfort of the community." It is quite apparent that the intent of this Sabbath legislation is expressed in the very first section (2140) thereof, which provides as follows: "The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, *which are serious interruptions of the repose and religious liberty of the community."* (Italics mine.) Addressing ourselves to the facts presented, can it truthfully be contended that the giving of a lesson such as is contemplated by the contract in suit and in the very sanctity of one's home constitutes a nuisance which, as was said in People v. Dunford,

supra, disturbs the public rest on Sunday, or tends to profane the day by any unnecessary or noisy conduct? True the giving of such a lesson involves labor on the part of both parties to the contract, but does it constitute a serious interruption of the repose and religious liberty of the community? If that query is answered in the negative, as I think we necessarily must, then this contract is enforceable under the authority of People v. Dunford, supra. Our attention has been called by respondent to the case of Bilordeaux v. Bencke Lith. Co., 16 Daly, 78, as an authority in his behalf. That was a case somewhat similar in its facts to the instant case. It was decided in 1890 by the former Court of Common Pleas, a court practically of coordinate jurisdiction with this court, but we do not consider ourselves bound thereby in view of the more progressive stand taken by the Court of Appeals in People v. Dunford, supra. In agreement with the learned trial justice on all other points raised and decided by his opinion we conclude that the judgment should be reversed, with $50 costs and judgment granted in favor of plaintiff for the sum of $200 and costs.

LEHMAN and WHITAKER, JJ., concur.

Judgment reversed.