THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYMAN SINGER, Appellant. — Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, held by a City Magistrate, convicting appellant of the crime of Sabbath breaking (Penal Law, § 2143), in that he washed an automobile in an automobile laundry on a Sunday, unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ.

MINNIE S. VALENTINE et al., Appellants, v. CITY OF MOUNT VERNON, Respondent. — In an action by plaintiff wife to recover damages for personal injuries, resulting from a fall caused by a hole or depression in the roadway, and by her husband for loss of services, judgment, entered on the verdict of a jury in favor of defendant, unanimously affirmed, with costs. No opinion. Johnston, Adel, Sneed and MacCrate, JJ., concur; Carswell, Acting P. J., concurs for affirmance on the ground that no negligence on the part of the defendant was established. (*Dupont* v. *Village of Port Chester,* 204 N. Y. 351.)

EDWIN WEISL, JR., as Administrator of the Estate of EDWIN WEISL, Deceased, Appellant, v. EDWARD J. CLANCY-ANN VERA HUGHES, INC., Respondent. — In an action by a licensed real estate broker against his employer to recover his share of commissions, judgment was entered dismissing the complaint, after trial by the court, without a jury. Judgment reversed on the law, with costs, and judgment directed in favor of plaintiff, with costs. Findings of fact are affirmed. Plaintiff's employment contract with defendant provided that the parties were to work as cobrokers in selling and leasing real estate; that defendant was to pay plaintiff on deals consummated through plaintiff's efforts on the following basis: (1) plaintiff was to receive half of the net commissions on all deals consummated; (2) all transactions consummated were to be drawn on the lease or contract form provided by defendant; (3) on all renewals of leases consummated by plaintiff, plaintiff was to receive half commissions as long as plaintiff continued his employment with defendant. During his employment plaintiff procured four tenants who signed leases containing the following clause: "The Landlord agrees that * * * [defendant] is the Broker in this transaction and agrees to pay the said Broker a commission for the term of this lease and any continued occupancy or renewal thereof. It is further agreed that in the event the Tenant purchases the above described property, then the Landlord agrees to pay the said Broker the sale commission thereon." After the termination of plaintiff's employment, defendant negotiated sales to these four tenants, plaintiff having nothing to do with the sales. Plaintiff claims half the commissions on the sales. After trial the complaint was dismissed on the ground that the leases to the tenants did not contain any agreement or option to sell and each sale was an entirely new transaction not connected with the sales. In our opinion, plaintiff was entitled to recover. The commissions to defendant on the sales were payable solely as the result of the brokerage provisions of the leases to the tenants procured by plaintiff, regardless of how or by whom the sales were consummated. (*Schenck* v. *Sleepy Hollow Cemetery,* 265 App. Div. 974.) Carswell, Acting P. J., Johnston, Adel, Sneed and MacCrate, JJ., concur.