THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDITH SCHELBERG, Defendant.

City Magistrate's Court of New York, Borough of The Bronx, Municipal Term Court, November 12, 1953.

*Joseph T. McDonough* for plaintiff.

*Joseph J. Kozinn* for defendant.

MAHONEY, M. The defendant is charged with a violation of the Sabbath law, section 2143 of the Penal Law, in that at 9:45 A.M. on Sunday, October 4, 1953, at No. 1150 Webster Avenue, in the County of the Bronx, she did publicly permit, after being advised of the section of law covering unnecessary labor on the Sabbath, and after warning of penalty for same (sic), did wash car, license number 2U6892 New York, for which fee of $1.50 was paid, and did have six cars waiting in turn for same.

At the trial, the defendant through counsel submitted to the court a paper designated '' Stipulation '', setting forth eight items, with the further notation '' Motion in Nature of a Demurrer.'' Its contents are as follows:

"MAGISTRATES COURT OF THE CITY OF NEW YORK BRONX DISTRICT COURT BOROUGH OF BRONX PEOPLE, ETC., on Complaint of Police Officer Lewis of the 42nd Precinct, against EDITH SCHELBERG

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by the respective parties:

1. That labor was performed on October 8th, 1953, which was a Sunday and the summons herein was issued on that day.

2. That the premises involved are a car-washing establishment, having an enclosure with an entrance on one side, and an exit at the other side of the building whereat said establishment is located; also, there was the queuing up of cars to be washed.

3. That the cars are washed by mechanical and human aids, as they move along inside the enclosure; and the cars are cleaned throughout and underneath, and encrusted mud is removed, as well as all glass is washed and cleaned.

4. That the premises were open and operating at the time, and money was then received for the services rendered.

5. That the premises are located in an industrial area, with little pedestrian traffic on Sundays, and the washing of cars make no noises and give off no odors of any kind.

6. That there are no churches in the vicinity.

7. That the summons was issued in the regular course of law enforcement and was not due to any complaint.

8. That cars were being washed at the time of the issuance of the summons.

Dated: New York, October 21, 1953.

## MOTION IN NATURE OF A DEMURRER

The defendant above named, by HORSTMANN & KOZINN, her attorneys, based upon the foregoing facts which are conceded, now makes a motion in the nature of a demurrer to the complaint which charges the defendant with Sabbath breaking under Section 2143 of the Penal Law, upon the ground that the facts do not constitute a crime. On the contrary, the doing of such work comes with the exception of said Section, as works of necessity."

The defendant's right of cross-examination was not exercised.

It was agreed that the foregoing "Motion in Nature of a Demurrer" was to be considered as a common-law demurrer, to wit, that the items set forth were admitted facts, but that

those facts did not constitute a violation of the Sabbath Law (Penal Law, § 2143). The case was then rested and the defendant found guilty.

" That the legislature has the authority to enact laws regulating the observance of the Sabbath day and to prevent its desecration is not, and cannot well be, disputed. The day is set apart by the statute for repose and for religious observance; objects which pertain to the physical and moral well being of the community. As to the acts which should be prohibited, as disturbances, or profanations, of the Sabbath day, the legislature is the sole judge." (*People* v. *Dunford,* 207 N. Y. 17, 20; *People* v. *Havnor,* 149 N. Y. 195; *People* v. *Hoym,* 20 How. Prac. 76; *People* v. *Friedman,* 302 N. Y. 75.)

A court of equity would not interfere with the workings of the criminal law and grant a permanent injunction to the operator of a laundry against whom a summons had been served for violating the Sabbath Law by operation of an automatic laundry business on Sunday, even though the operator had previously been acquitted on the identical charge on the theory that the business was within the exception exempting works of necessity. (*Jiffy Auto Laundry* v. *Monaghan,* 118 N. Y. S. 2d 189.)

The Legislature has designated the businesses and occupations which may be carried on " as usual " on the Sabbath. The washing of automobiles is not among them.

The court may not substitute itself for the Legislature in designating businesses or occupations which may be conducted as usual on the Sabbath as on week days or even during certain hours on the Sabbath. The court is restricted to determining whether work which may be claimed to be one of necessity or of charity, is such, arising out of the facts in the individual case. A typical case would be a plumber repairing a broken water main where the water was causing inconvenience to persons or damage to property; or the removal from the highway of an automobile suddenly disabled and interfering with public safety or control of traffic.

In the present case the defendant offered no proof of necessity in the character of its automobile body-washing business, nor even as to the particular automobiles referred to in the complaint herein. The court, therefore, would be usurping the powers of the Legislature were it to exempt the defendant's daily " as usual " business from the provisions of the Sabbath Law.