■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DARWIN DEEN, Appellant.— Appeal from a judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of a violation of section 2143 of the Penal Law, which prohibits all " labor " on Sunday, excepting the works of necessity and charity. The undisputed facts show that appellant, who was not a painter by trade, on a Sunday afternoon gratuitously painted a portion of the front of a private residence owned by his mother-in-law. He had started the painting on Friday, continued it on Saturday, and was completing it when he was served with a summons by a police officer. There were no churches in the vicinity, appellant created no disturbance, and the next-door neighbor did not complain of appellant's acts. Judgment reversed on the law and information dismissed. The findings of fact are affirmed. The construction of the Sabbath statute " must be one which harmonizes with the reason of the thing." (*People* v. *Dunford,* 207 N. Y. 17, 20.) The reason of the statute is stated in section 2140 of the Penal Law to be the prohibition of certain acts which are serious interruptions of the repose and religious liberty of the community. Having this purpose in mind, we are of the opinion that the acts performed by this appellant are not encompassed within the word "labor" as used in section 2143. (Cf. *Petit* v. *Minnesota,* 177 U. S. 164.) By common understanding, custom and usage in the community, the work here performed by the appellant is not the kind of labor proscribed by the statute. Beldock, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., and Murphy, J., dissent and vote to affirm with the following memorandum: In our opinion, appellant's activities constituted labor within the meaning of the statute, and the evidence is sufficient to establish that it did not fall within either of the exceptions therein specified. The enactment of the statute was within the power of the Legislature (*Lindenmuller* v. *People,* 33 Barb. 548; *People* v. *Moses,* 140 N. Y. 214; *People* v. *Havnor,* 149 N. Y. 195; *People* v. *Dunford,* 207 N. Y. 17), which alone can decide how Sunday shall be kept, and which is the sole judge of acts proper to be prohibited. (*People ex rel. Bender* v. *Joyce,* 174 App. Div. 574; *People ex rel. Kieley* v. *Lent,* 166 App.

Div. 550, affd. 215 N. Y. 626.) We may not sit in review of its discretion or determine the expediency, wisdom or propriety of its action on matters within its power. If labor such as that performed by appellant is to be exempted from the operation of the statute, such exemption must be accomplished by the Legislature. We may not usurp its functions by legislating judicially. (*People* v. *Friedman*, 302 N. Y. 75.)