Anthony M. Livoti, M.
Defendant is charged with Sabbath breaking in violation of section 2147 of the' Penal Law, in that he engaged in the sale of a monument on Sunday, January 5, 1958, in his place of business at Astoria. Defendant admits the sale and sets up the defense that the sale of a monument is a “ work of necessity ” in a trade and permissible under section 2146 of the Penal Law.
Subdivision 4 of section 2147 reads in part:
‘1 All manner of public selling or offering for sale of any property upon Sunday is prohibited, except as follows: * * *
*732 “ 4. Prepared tobacco, bread, milk, eggs, ice, soda-water, fruit, flowers, confectionery, souvenirs, newspapers, magazines, gasoline, oil, tires, drugs, medicine and surgical instruments may be sold and may be delivered at any time of the day. ’ ’
Section 2146 reads as follows: ‘ ‘ All trades, manufactures, agricultural or mechanical employments upon the first day of the week are prohibited, except that when the same are works of necessity they may be performed on that day in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community. ’ ’
The purpose of section 2146 is to prohibit work and employment on the Sabbath. The word “ trades ” refers to carpentering, printing, plumbing, tailoring and the like. It does not envisage the sale of a monument as the plying of a trade, although counsel in his brief argues that the sale of a tombstone partakes of the nature of a religious ritual rather than the sale of a commercial object and points out that the sale of religious objects on a Sunday in a house of worship is not prohibited and that it may be analogous also to the sale of caskets and other funeral equipment. We consider this reasoning specious.
There are comparatively few reported cases in New York involving sales on the Sabbath. Most have resulted in convictions: The sale of grass seed and fertilizer (People v. D’Andre, 122 N. Y. S. 2d 585); commercial car washing (People v. Gill, 206 Misc. 585); a “ farmers ” market selling wearing apparel (People v. White of Massapequa, 12 Misc 2d 254); and the sale of uncooked meats (People v. Friedman, 302 N. Y. 75, appeal dismissed 341 U. S. 907). The Attorney-General has ruled twice against Sabbath selling: Automobile salesrooms and used car lots (51 N. Y. St. Dept. Rep. 237) and a charitable organization conducting a bazaar on Sunday (1954 Atty. Gen. 125). To the contrary, the sale of books on a street “wholly dedicated to amusement and relaxation with no churches in the immediate vicinity ” (People v. Law, 142 N. Y. S. 2d 440) was held not to be in violation of the statute.
Defendant is guilty of violation of the Sabbath law. We appreciate the fact that many families desiring to purchase memorials can do so only on Sundays, when they take the occasion to visit the graves of their departed, but not all monument dealers are located near cemetery entrances. There cannot be one rule for a favored few and another for the rest. “ We are bound to construe statutes as we find them and may not sit in review of the discretion of the Legislature or determine the expediency, wisdom or propriety of its action on matters within its powers *733 * * * A plea that a statute imposes inconvenience or hardship upon a litigant should be addressed to the Legislature; we may not usurp its functions by legislating judicially ’ ’. (People v. Friedman, 302 N. Y. 75, 79, supra.)