THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTHONY ALIPRANTIS, Appellant.

First Department, June 18, 1959.

*Ralph K. Jacobs, Jr.*, for appellant.

*Harold Roland Shapiro* of counsel (*Frank S. Hogan, District Attorney*, attorney), for respondent.

McNally, J. This is an appeal from a judgment of the Court of Special Sessions held by a City Magistrate convicting the defendant after trial of violation of section 2143 of the Penal Law (performing labor on Sunday). Defendant was fined $5.

The question presented, seemingly one of first impression, is whether or not defendant, a patron of an automatic coin-operated laundry, violated section 2143 by washing his clothes on Sunday. Regulation of the observance of the Sabbath is governed by article 192 of the Penal Law. Section 2140 of the Penal Law establishes Sunday as the official day of rest and reads as follows: " § 2140. The Sabbath. The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community."

As was stated in *People* v. *Friedman* (302 N. Y. 75, 79–80): " Although the so-called Sunday laws may be said to have had a religious origin, our statute since 1881 (Penal Code, § 259, now Penal Law, § 2140) has also recognized that the first day of the week by general consent is set apart ' for rest ', in accord with the general experience of mankind that it is wise and necessary to set apart such a day at stated intervals for both the physical and moral welfare of the members of a State or community."

The right to regulate the observance of Sunday " as a civil and political institution " is within the ambit of the legislative power. (*People* v. *Friedman, supra,* p. 80.)

The acts prohibited by statute are set forth in sections of the Penal Law as follows: § 2143 (labor); § 2145 (public sports); § 2146 (trades, manufactures and mechanical employments); § 2147 (public selling); § 2148 (serving process); § 2151 (processions and parades); § 2152 (public entertainment); and § 2153 (barbering).

The statute which defendant was found guilty of violating reads as follows: " § 2143. Labor prohibited on Sunday. All labor on Sunday is prohibited, excepting the works of necessity and charity. In works of necessity or charity is included whatever is needful during the day for the good order, health or comfort of the community."

In *People* v. *Deen* (3 A D 2d 836, affd. 4 N Y 2d 708) the defendant, not a painter by trade, engaged, gratuitously, in the task of painting the exterior of his mother-in-law's house on a Sunday. In reversing the conviction, the Appellate Division, Second Department, said: " The construction of the Sabbath statute ' must be one which harmonizes with the reason of the thing.' (*People* v. *Dunford,* 207 N. Y. 17, 20.) The reason of

the statute is stated in section 2140 of the Penal Law to be the prohibition of certain acts which are serious interruptions of the repose and religious liberty of the community. Having this purpose in mind, we are of the opinion that the acts performed by this appellant are not encompassed within the word ' labor ' as used in section 2143. * * * By common understanding, custom and usage in the community, the work here performed by the appellant is not the kind of labor proscribed by the statute.''

If the expenditure of energy is one of the criteria properly considered in ascertaining the meaning of section 2143, then *People* v. *Deen* (*supra*) compels the conclusion that washing personal laundry is not within its ambit. Moreover, present day custom and usage evidences a common understanding that the washing of personal laundry is not encompassed within section 2143. Some of us feel that an increasing number of persons gainfully employed, many of whom are parents with infant children, are away from home on weekdays and find they must do all or some of their personal laundry on Sunday. Heavily congested residential areas containing many rooming houses and tenements which do not provide laundry services stimulate the establishment of automatic coin-operated laundries. Persons situate in such communities are not free to enjoy the repose safeguarded by section 2140 unless and until their personal laundry is done. Moreover, committing one's own wash to the automatic laundry machine is labor saving and is not inconsonant with the purpose of section 2140 to promote rest on the Sabbath.

Slovenliness is no part of any religion, nor is it conducive to rest. Scripture commends cleanliness. '' * * * [A]nd the man shall wash his clothes, and shall be clean. * * * and his clothes being washed he shall be clean.'' (Leviticus, ch. 13, pars. 6, 34.)

The judgment of conviction should be reversed, on the law, the information dismissed, and the fine remitted.

RABIN, J. P., M. M. FRANK, VALENTE and BERGAN, JJ., concur.

Judgment unanimously reversed, on the law, the information dismissed, and the fine remitted.