Richard L. Baltimore, Jr.,
Acting City Judge. Defendant has been charged by an information with the crime of “ Sabbath breaking ” violation of section 8 of the General Business Law of the State of New York, which reads as follows:
“ § 8. Trades, manufacturers, and mechanical employment prohibited on Sunday. All trades, manufactures, agricultural or mechanical employments upon the first day of the week are prohibited, except that when the same are works of necessity they may be performed on that day in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community.”
This section is derived from section 2146 of the Penal Law and became effective September 1,1967.
The facts are as follows:
Defendant operates what is commonly known as an automatic car wash. Most of the facts are undisputed. Defendant was operating the car wash on Sunday, January 11, 1970, at about 9:20 a.m. at premises 613 North Avenue, in the City of New Rochelle. The automobiles are washed by mechanical means while being run through equipment on a conveyor belt. The only activity by the defendant is to receive money from the operators of the vehicles and to direct the cars onto the conveyer belt at the rear of the premises. The defendant further testified that he informed customers that on Sundays no employee of the defendant would touch the cars, and that if they wished their cars to be manually wiped they would have to' return on a weekday.
The cars are pulled through the plant on a conveyor belt and also automatically dried by 280 horse power motors which blow about 85% of the water off the car. On weekdays the *815 remaining water is wiped from the windshield and hood of the car but not on Sundays. There was some conflicting testimony as to whether a windshield was wiped on Sunday. As the employee was at the back of the plant directing the cars while the defendant was talking with the officer, the court finds as a fact that the employee did not manually wipe or touch the cars. His only activity was to substitute for the owner in directing the cars onto the conveyor during the period of time that the owner-defendant was engaged in conversation with the officer.
There remains, therefore, only a pure question of law as to whether the operation of the automatic car wash on Sunday is a violation of section 8 of the General Business Law,
The decisions under section 8 are in conflict and the courts are not in agreement.
The People rely upon three eases to sustain their position. The first is, People v. Gill (206 Misc. 585), a violation of section 2143 of the Penal Law. In that case the car wash was not an automatic plant, but employees were washing the cars under the supervision of the defendant. The court decided that the employees were performing “labor ” as work for gain for “ gain or living ”.
In People v. Schelberg (204 Misc. 733), the defendant sought a permanent injunction against the enforcement of section 2143 of the Penal Law. The case was tried on a stipulation, in effect an agreed state of facts. Paragraph 3 of the stipulation stated that “ the cars are washed by mechanical and human aids ”.
People v. Gordon (1 A D 2d 1043, affd. without opn.) the conviction of a violation of section 2143, conducting the business of washing automobiles on Sunday. The Court of Special Sessions of the City of New York, Borough of Brooklyn, and the Appellate Division relied upon People v. Gowa (275 App. Div. 686). There the court affirms a judgment of the Magistrate’s Court in the City of New York, Borough of Brooklyn, convicting the defendant of violating section 2143 of the Penal Law (prohibiting labor on Sunday) in washing automobiles on Sunday. To the same effect see People v. Singer (278 App. Div. 714).
All of these cases involved section 2143 of the Penal Law and not section 8 of the General Business Law or its predecessor section 2146 of the Penal Law. In each of these cases the facts are different from the instant case in that the washing of the cars was manual, not automatic, and required human labor.
The section of the law with which we are concerned is not a violation of the “ labor ” statute, but of the “ trade ” statute.
*816 The defendant asserts that the washing of automobiles is a “work of necessity”. This court is not prepared to find that washing a car on Sunday falls within the definition of a “ work of necessity,” and relies upon People v. Kupprat (6 N Y 2d 88).
The defendant relies upon People v. Bialecki (N. Y. City Crim. Ct., Queens County, 1968). That case differs from the instant case in that there the court decided that the “practice of hair dressing and cosmetology was a licensed business under Article 27 of the General Business Law and was therefore not a trade.”
The defendant cites several cases which held that the operation of an automatic laundromat is not in violation of section 8.
People v. Andob Corp. (25 Misc 2d 542, 543) in holding that the operation of a self-service laundromat on Sunday did not violate the Sabbath Law (Penal Law, § 2146) specifically stated: “Patrons of the launderette would enter the premises and operate the coin-operated washing machines and driers in the process of doing their personal family wash. None of the corporate defendants, officers, agents or employees were present in the .store or participated in any way with or on behalf of any of the patrons so engaged in doing their personal wash, on the Sunday referred to in the indictment.”
The court (Nassau County Court, 1957) in two companion cases, People v. Polar Vent of Amer. and People v. East Coast Attic & Basement Co. (10 Misc 2d 378) in interpreting section 2146 of the Penal Law,, held that the business which opened their showrooms on Sunday for the display of wares and the solicitation of appointments with prospective customers, but which made no sales,, quoted no prices, accepted no money, nor gave any memorandum of sale, were still conducting a “ trade ” on Sunday and were guilty of violating section 2146. There, the court refused to give “trade”, its restrictive meaning and differentiated it from “ mechanical employment ”. The Court of Appeals affirmed, without opinion (4 N Y 2d 954 [1958]).
In the instant case, this court is not prepared to find that the washing of cars is a “ work of necessity ’ ’, despite the holding of the court in People v. Hilton (119 N. Y. S. 2d 692)', where the court held that although the cars were washed by mechanical and human aids, that the statute (Penal Law, § 2143) should be read in conjunction with section 15 (subd. 1; subd. 2, par. [a]; subds. 4, 11 and 15) of the Vehicle and Traffic Law which made it illegal to drive with impairment of the visibility of the lights, front and back, or the numerals on the rear license plate, the reflectors on the headlamps. Requirements for keep *817 ing certain parts of the car clean in the court’s opinion made the washing of cars on Sunday a ‘1 necessity ’ ’ and an exception to the rule. This is a holding with which this court cannot concur.
The defendant also relies upon People v. Aliprantis (8 AD 2d 276) where the court held that a patron of an automatic coin-operated laundry did not violate section 2143 of the Penal Law by washing his personal laundry on that day. That case is clearly distinguishable.
The case which comes closest to being authority with respect to the facts in the instant ease is People v. Welt (Nassau County Ct., 1958) where the court in reversing the District Court of Nassau County held that the operation of an automatic laundromat was not in violation of section 2146, where neither the defendant nor any of his employees were present in the establishment on the Sunday in question. In that respect, the facts differ from the within ease, and the question becomes: Does the mere presence of the owner on the premises and the taking of money and directing of the automobiles, without any physical touching by the defendant or any employee,, constitute a violation of section 81 The language and reasoning of the court in Welt becomes cogent in interpreting the language of 2146 “ except that when the same are works of necessity, they may be performed on that day ” (italics added).
The court held that the words ‘ ‘ to perform ’ ’ connote the agency of a human being. “ One cannot perform if he is not present to perform.” The court indicated that a basis of its decision was that there was ‘‘ no evidence of the presence on the premises of the defendant or any of its agents, performing any act in furtherance of the business on Sunday.” The Court of Appeals in 8 N Y 2d 961 affirmed.
Thus, the law is clear that where neither the defendant nor any employee nor representative is present the operation of a coin-operated business is not prohibited by section 2146 of the Penal Law. The law is not clear as to whether the mere taking of money and directing of the cars without touching them is prohibited. The defendant relies upon the custom in other cities and of Westchester County where such car washes are open. This custom is immaterial and irrelevant and has no bearing upon the interpretation of section 8 of the General Business Law.
The question is a close one. This court finds that the operation is not a “work of necessity ”, that no “labor” is performed and that the sole question is whether the acceptance of *818 money and directing the vehicle is conducting a ‘1 trade ’ ’ within the meaning of that term. (General Business Law, § 8.)
The court is bound by the rationale of the Court of Appeals in Welt and Kupprat, that the necessity of a human being on the premises constitutes a ‘ ‘ trade ’ ’ within the meaning of section 8 of the General Business Law. The court’s decision would be different if the defendant were able to operate his business as in the automatic laundromat where there is no necessity for the presence or supervision of a human being. The court, therefore, finds the defendant guilty of violation of section 8 of the General Business Law.