Cyril J. Brown, J.
Defendants appeal from judgments of conviction in the Nassau County District Court for violations of sections 2143, 2146 and 2147 of the Penal Law, all of which constitute acts of “ Sabbath breaking.” Each of the corporate defendants was fined the sum of $5 and sentence was suspended on the individual defendants. The above-captioned matters were tried separately; however, since the facts involved in each are similar and the questions of law identical, both cases were submitted together on appeal to this court.
Polar Vent of America, Inc., hereinafter sometimes referred to as “ Polar Vent ”, is a corporation engaged in the business of selling and installing custom made aluminum awnings and canopies. The codefendant, Isadore Feldstein, is secretary of the defendant corporation and in charge of a “ showroom ” *379 maintained by Polar Vent on Jericho Turnpike, Mineóla, New York. At this showroom the corporation maintains a display of sample awnings, no one of which samples is actually removed from the showroom and sold. The showroom is staffed by defendant Feldstein and employees whose job it is to talk with visitors to the showroom and try to make appointments to visit the customers’ homes. No orders are taken at the showroom, no prices are quoted and no money is accepted. Every job is a custom job, the price of which depends on the dimensions and character of the particular job. No manufacturing is done on the premises nor is any stock or inventory maintained there.
Defendant, East Coast Attic and Basement Co., Inc., hereinafter sometimes referred to as " East Coast ’’, is engaged in the business of custom building finished attics and basements of homes. Defendants Doris Schweitzer and Louis Schweitzer are president and vice-president, respectively, of East Coast and are in charge of a showroom located on Jericho Turnpike, Mineóla, New York. The showroom is divided into a number of sections, each of which is finished as a sample room, corresponding to the work of the corporation. As in the operation of Polar Vent Corporation, no orders are taken, no prices are quoted and no money is accepted at the showroom on Sunday or any other day of the week. The Schweitzers and other employees simply discuss the sample models with visitors to the showroom and try to make an appointment to visit their homes. All negotiations are made when or after a salesman visits a customer’s home. The evidence further disclosed that upwards of 300 visitors came to the showroom on the day on which the alleged violations occurred.
The Sabbath is a political and civil institution as well as a religious institution and, as such, its regulation is properly within the powers of the civil government (Hennington v. Georgia, 163 U. S. 299; People v. Friedman, 302 N. Y. 75; People v. Dunford, 207 N. Y. 17). In this State the Sabbath exists as a day of rest by common law, and without the necessity of legislative action to establish it. All that the Legislature does by the “ Sabbath Laws ” is to regulate its observance (Linden-mutter v. People, 33 Barb. 548).
The Sabbath laws are remedial statutes in harmony with the religious sentiment of the public and intended to promote public morals and good order (People v. Moses, 140 N. Y. 214). Such legislation is not to be given a narrow and technical construction; but rather a reasonable and common sense interpretation must be given such as will render the legislative intention *380 effectual in view of the evil sought to be suppressed (Smith v. Wilcox, 24 N. Y. 353). They are to be limited by the reasons for their enactment, however (People v. Dunford, supra), and, the Court of Appeals cautions, “ ‘ Acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal ’ ” (People v. Shifrin, 301 N. Y. 445, 447).
The intent of the Legislature is set forth in section 2140 of the Penal Law which states: ‘ ‘ The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community.”
The defendants were convicted for violating sections 2143, 2146 and 2147, all of which are included within article 192 of the Penal Law which deals with regulation of the Sabbath. Section 2143 prohibits all labor on Sunday except works of necessity and charity. Section 2146 proscribes “ All trades, manufactures, agricultural or mechanical employments on the first day of the week ’ ’ except works of necessity, and section 2147 makes unlawful ‘ ‘ All manner of public selling or offering for sale of any property upon Sunday ’ ’, except for some limited, specifically described articles and shops.
In neither of the cases appealed from is the record sufficient to sustain a conviction for a violation of section 2147. In neither case is there any evidence that any offer to sell was made by any of the defendants. The showrooms were merely places to display sample wares. No prices were quoted, no money was accepted, no memorandum of a sale was given. The mere displaying of merchandise and obtaining of names for future appointments to discuss a possible sale, with nothing more, do not constitute any of the traditional elements of a sale or selling as to fall within the proscription of section 2147.
Defendants contend that the convictions under section 2143, which prohibits all labor on Sunday, must be set aside since the activities conducted by them on Sunday do not come within the generally accepted meaning of the term ‘ ‘ labor.’ ’ Webster’s Dictionary defines labor this way: ‘ ‘ Labor; physical or mental work; toil; that which requires effort for its accomplishment.” The term ‘ ‘ labor ’ ’ is used in this statute in its ordinary and usual sense; it implies personal service and work of the individual (Hampton v. Incorporated Vil. of Freeport, 244 App. Div. 815). Its use is not restricted to merely menial acts or occupations since at one time the law of this State specified that only *381 “ servile ” labor was to be prohibited on Sunday (Penal Code, § 263). In 1883, however, the term “ servile ”, with its restrictive meaning, was deleted from the statute (L. 1883, eh. 358), and thus all labor except for works of necessity and charity is prohibited. The court is aware that not every act in pursuance of a vocation is prohibited labor (Fox Amusement Co. v. McClellan, 62 Misc. 100), but that it is the character of the services performed that is of material importance (United States v. United States Fid. & Guar. Co., 139 App. Div. 262). The acts complained of, as performed by the defendants, were not of a strictly mental or intellectual nature. The records disclose that the defendants were present in the showrooms on Sunday and that the purpose for their being there was to guide visitors about the showroom, to talk with them about the displays, to make appointments with them for further negotiations and, in one case, to make sure that the people did not “ destroy the place ”. In People v. Adler (174 App. Div. 301) the proprietor of a boot manufacturing company who oversaw his workers on Sunday was convicted for laboring on that day even though he had done no manual labor. In sustaining the conviction, the court said: ‘ ‘ Concededly he was present at the factory and engaged in overseeing and carrying on his business exactly the same as on week days, and this is sufficient to bring him within the prohibition of the statute. Conducting, overseeing and carrying on of his business, in all its details, was engaging in and performance of ‘ labor ’ within the meaning of that word as used in section 2143 of the Penal Law.” (P. 302.)
Defendants urge in the alternative that the convictions for laboring cannot be sustained since their activities did not interfere with the repose and religious liberty of the day. The testimony in each case reveals that there was substantial traffic in the showrooms at the time of the issuance of each summons and that in the one case over 300 people visited the showroom on a single Sunday. To suggest that such a situation does not constitute a “ serious interruption of the repose and religious liberty ” flies in the face of common sense. The convictions for laboring on Sunday were proper and should be sustained.
Section 2146 provides that ‘' All trades, manufactures, agricultural or mechanical employments upon the first day of the week are prohibited ’ ’. The defendants were convicted for performing a trade on Sunday. “ Trade”, as a noun, is not a technical word and in ordinary language is used in three senses: (1) in that of exchanging commodities by barter or by buying and selling for money; (2) in that of an occupation *382 generally; (3) in that of a mechanical employment, in contradistinction to the learned professions, agriculture, or the liberal arts (87 C. J. S., Trade, p. 202). If the most restrictive sense is employed, i.e. mechanical employment, then the statute would read: “ All mechanical employments, manufactures, agricultural or mechanical employments * * * are prohibited. ” It thus becomes apparent that to give the word “trade” such a restrictive sense when used in this statute would be to strip it of any significance. In the absence of authority to the contrary, we cannot say that the Legislature extended the prohibition to “trades” simply for repetitious emphasis of “mechanical employments.” If either of the remaining two meanings of the word are accepted, the defendants’ convictions were proper.
The convictions of the defendants for violations of sections 2143 and 2146 are affirmed and the convictions for violations of section 2147 are reversed.
Submit order.