Cyril J. Brown, J.
This is an appeal from a judgment of the District Court of the County of Nassau convicting the defendant of a violation of section 2146 of the Penal Law (prohibition of performance of a trade on Sunday). The defendant was fined $10 after trial.
The defendant owns an automatic laundromat business on Jericho Turnpike, Mineóla, Nassau County. On Sunday, March 16, 1958, the defendant’s premises were open to the public, as was the defendant’s usual practice on Sundays. Customers were observed to be entering the store and operating the coin-operated washing machines and dryers, but neither the defendant, his business associate, nor any of their employees were present. The unique question is presented as to whether a person violates the so-called Sunday laws when he allows customers to enter upon his business premises and wait upon themselves, there being no employee present throughout the day.
*276 Regulation of the observance of the Sabbath is governed by article 192 of the Penal Law. Section 2140 of the Penal Law establishes Sunday as the official day of rest and states the policy of the State as: “ the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community.”
The statute is not considered as religious in nature but, rather, it affirms the existence of a civil and political institution (People v. Friedman, 302 N. Y. 75). Not all businesses are prohibited on that day, but only those which are serious interruptions of observance of the Sabbath (Penal Law, § 2140). It is clear that the Legislature has the power to regulate working on Sunday and so it follows that that body is the sole judge of the acts which are to be considered Sabbath breaking (People v. Havnor, 149 N. Y. 195). The acts prohibited, with stated exceptions, are set forth in sections 2143 (servile labor); 2145 (public sport); 2146 (trades, manufactures, agricultural and mechanical employments); 2147 (public selling); 2148 (serving process); 2151 (processions and parades); 2152 (public entertainment) and 2153 (barbering), of the Penal Law.
Section 2146 of the Penal Law, the statute which the defendant was found guilty of having violated, reads as follows: “ All trades, manufactures, agTicultural or mechanical employments upon the first day of the week are prohibited, except that when the same are works of necessity they may be performed on that day in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community.”
The Sunday laws are to be liberally construed, but acts done on that day which do not disturb Or interfere with others and are not contrary to the design sought to be accomplished by such laws, are not illegal (McCormick v. Hazard, 77 Misc. 190). Although liberally construed, the statutes may not be used to bar acts not encompassed thereunder.
The statutory exception to section 2146 provides: “except that when the same are works of necessity they may be performed on that day” (emphasis supplied). The word “to perform” connotes the agency of a human being. One cannot perform a trade if he is not present to perform it. In the instant case there was no evidence of the presence at the premises of the defendant or any of his agents performing any act in furtherance of the business on Sunday.
If the Legislature had wanted to prohibit the opening of one’s shop door for business on Sunday, as distinguished from working on Sunday, it could have done so. Such laws exist in other States but not in New York. Desirable as it may be to uphold *277 the time-honored customs of this community, we cannot condone the conviction of a defendant for a violation of nonexistent laws.
Accordingly, the judgment of conviction is reversed, the information dismissed, and the fine previously paid by the defendant is ordered remitted to him.
Submit order.