Benjamin Gassman, P. J.
The defendant was tried on an ' information charging him with the crime of ‘1 performing an act of labor on Sunday”. The information alleges that “ the defendant, on November 2nd, 1958, the said day being a Sunday, in the County of Kings, engaged in a trade and mechanical employment and performed an act of labor by causing, suffering and permitting the operation of washing machines in a launderette at premises No. 616 Brighton Beach Avenue, the same not being a work of necessity ”.
At the trial, the police officer testified that at 11:00 a.m. on the date in question, he passed the said Brighton Beach Avenue premises; that the said premises was a three-story building, the street floor of which was occupied by the laundromat and the upper floors by residential tenants; that the said store was all lit up and a sign in the window read “ open Sunday”. He entered the premises and saw 10 of the 20 automatic washing *11 machines and dryers in operation. The defendant was bending over one of the machines making some mechanical adjustment to it. The officer saw people coming in and out of the premises during all the time he was there, the said persons inserting coins in the machines and operating them. The defendant told the police officer that he was in charge of the laundromat.
The defendant denied making that admission to the police officer. He testified that he was employed by the owner of the laundromat as a service man to service the washing machines and that he worked solely for that owner. He explained his presence at the laundromat on that Sunday by saying that he was there having his own laundry washed in one of the machines. It appeared from his testimony that he lived about five miles from the Brighton Beach Avenue premises. However he explained that this laundromat was the nearest one to his residence that was open on Sunday. While he denied that he had anything to do with the operation of that laundromat on the Sunday in question, he admitted that he was given the key to the store by his employer and that he used that key to open the store on that Sunday morning. Apparently he also turned on the lights that illuminated that store. The owner of that business was not present there that morning, and the defendant was the only person connected with that business, who was present while the 10 machines were in full operation that morning.
Regardless of whether the defendant was washing his own laundry in one of the machines on that Sunday, or not, we conclude and find that he was there also in the additional capacity of representing his employer and that he was then in charge of the said premises as his employer’s agent.
Section 2143 of the Penal Law, on which this charge is based, provides that “ All labor on Sunday is prohibited, excepting the works of necessity and charity. In works of necessity * * * is included whatever is needful during the day for the good order, health or comfort of the community.”
The injunction against performing unnecessary labor on the Sabbath finds its origin in the Old Testament. Exodus and Deuteronomy are the Old Testament books which, as part of the Ten Commandments, include the provision for the observance of the Sabbath. In ancient Israel, the Decalogue was considered part of the law of the land, and the seventh day of the week was considered as a day of worship. Sunday, or the first day of the week, first appears as a day of rest in an edict promulgated by Emperor Constantine in Rome in the year 321. That edict directed all judges, city people, and tradesmen “.to rest upon the venerable day of the sun ’ ’. Emperor Constantine selected Sunday because it was the day of the sun god of ancient Rome; *12 Early Roman Christians, although they rejected the idea of a sun god, made Sunday their day for common prayer and dining. Emperor Constantine’s legislation and early Christian practice set the pattern for Sunday as the Sabbath, a pattern continued during the Middle Ages in the laws of the Holy Roman Empire. Saxon tribes, too, adopted similar laws and brought them to England, where they were extended and enforced. Those laws found their way into the 13 Colonies and they remained in effect when the United States was formed. As the new States entered the Union, they used old Sunday laws as their models.
In New York State, article 192 of the Penal Law (§§ 2140-2153) is entitled “ Sabbath” and the legislative intent is set forth in section 2140, as follows: “ The first day of the week being by general consent set apart for rest and religious uses, the law prohibits the doing on that day of certain acts hereinafter specified, which are serious interruptions of the repose and religious liberty of the community.”
One of the acts specified as prohibited, is the performance of any labor on Sunday which is neither necessary nor charitable. Accordingly, where it appears that the labor performed on a Sunday is neither a work ‘1 of necessity or charity ” (Penal Law, § 2143), the performance of such work causes “ serious interruptions of the repose and religious liberty of the community ” (§2140).
The labor which the defendant performed and which he permitted to be performed on that Sunday was neither necessary nor charitable. The court takes judicial notice of the fact that electrically operated washing machines and dryers in laundromats can be operated only after coins are inserted in them. Indeed, the testimony of the police officer indicated that that was done. Nor was the operation of those machines a work of necessity, in the sense that it had to be done on Sunday. The courts have held that the operation of automobile washing establishments on Sunday was a violation of law. (People v. Gordon, 1 A D 2d 1044; People v. Gill, 206 Misc. 585; People v. Scheiberg, 204 Misc. 733.) The operation of an automatic laundromat on a Sunday is similarly violative of the law.
Counsel for the defendant urges that the decisions in People v. Welt (14 Misc 2d 275) and People v. Gwyer (7 AD 2d 711) require the defendant’s acquittal. In both of those cases the defendants were charged with the operation of laundromats on Sunday. However, both of those cases are distinguishable from the case before us. In the Welt case, it appeared that neither the owner of the laundromat nor any employee was present while the machines were being operated. The court there posed *13 the question (p. 275) “ whether a person violates the so-called Sunday laws when he allows customers to enter upon his business premises and wait upon themselves, there being no employee present throughout the day ” (emphasis supplied) and answered it by reversing the conviction on the ground that ‘1 there was no evidence of the presence at the premises of the defendant or any of his agents performing any act in furtherance of business on Sunday ” (p. 276). In the case before us, the defendant was physically present in the laundromat as the representative of his employer. Furthermore, the prosecution in that case was based on section 2146 of the Penal Law and not on section 2143, as in this case.
In the Gwyer case, the prosecution was based on section 2147 of the Penal Law, entitled “ Public Traffic on Sunday ” which prohibits 1 ‘ All manner of public selling or offering for sale of any property upon Sunday ’ ’, other than that which is specifically excepted in that section. The Appellate Division reversed the conviction for the reason, as stated in the concluding sentence of the opinion: ‘ ‘ The prohibition of section 2147 of the Penal Law * * * .was designed to include tangible personal property, not services. Nor does the fact that an automatic vending machine on the premises afforded prospective users of the laundromat an opportunity to obtain soap and bleach by the deposit of coins, independent of any participation by the defendant, bring it within the language of the section” (emphasis supplied).
In the case before us, the defendant opened the store, turned on the lights, made available to the public the operation of the washing machines and serviced the machines by making mechanical adjustments. The work performed by him on that Sunday was the same as on any other day of the week. In People v. Adler (174 App. Div. 301) the Appellate Division affirmed the conviction of the defendant, stating (p. 302): “ Concededly he was present at the factory and engaged in overseeing and carrying on his business exactly the same as on week days, and this is sufficient to bring him within the prohibition of the statute. Conducting, overseeing and carrying on of his business in all its details was engaging in and performance of ‘ labor ’ within the meaning of that word as used in section 2143 of the Penal Law.”
The defendant’s motion to dismiss the information should be denied and the defendant found guilty of violating section 2143 of the Penal Law.
Cawse, J., concurs with Gassman, P. J.; Solomon, J., dissents.
Motion denied, etc.