Frank A. Gulotta, J.
This is an application, brought on by order to show cause for an order restraining and enjoining the Commissioner of Police of the County of Nassau from interfering in any way with the use on Sundays of plaintiff’s self-service coin-operated laundromat.
In recent years the “ Sabbath Laws ” have been the subject of attack on many fronts and the center of much litigation. The laundromat is the latest gladiator to enter the field of battle.
On July 16, 1958 the County Court of Nassau County in reversing a judgment of conviction (People v. Welt, 14 Misc 2d 275) held that the operation of a self-service coin-operated laundromat on Sunday, where no one was in attendance, did not violate the Sabbath Laws (Penal Law, §§ 2140-2146).
On June 11, 1959 the Appellate Division, First Department, by a divided court, with two Justices dissenting, came to a contrary conclusion. (People v. Kaplan, 8 A D 2d 163.) An appeal is presently pending in the Court of Appeals. However, unless and until there be a reversal, the decision of the Appellate Division is binding.
On June 18, 1959 the same court, by a unanimous Bench, in reversing a judgment of conviction, held that a patron who uses the facilities of such a laundromat on Sunday does not violate that section of the Penal Law (§ 2143) which prohibits labor on the Sabbath. (People v. Aliprantis, 8 A D 2d 276.)
In the light of these decisions plaintiff apparently intends to keep its establishment open for business on Sundays. While it concedes it may be subject to prosecution, it asks that the Nassau County police be enjoined from “ prohibiting persons on Sundays from using the self-service laundromat operated — ” by plaintiff. The only allegation that any such thing is happening is a barren statement by plaintiff’s president and attorney in their respective affidavits that “ on information and belief, the aforesaid Police Department, on July 5, 1959, stationed police at the door and in the vicinity of the door of the aforesaid corporation’s self-service laundromat and prevented persons from entering the laundromat ’ ’. Plaintiff produced a photograph taken on Sunday, July 5, 1959, showing a policeman in front of its premises. Standing alone this means nothing. He may be stationed there for any number of reasons having to do with law enforcement, e.g., he may be there to take the names and addresses of patrons to be used as witnesses in any contemplated prosecution of the owner, a legitimate police function. There is no reference to the photograph in the moving papers. Nowhere is there any positive averment of fact by any one or affidavit by any patron that he was prevented from enter *869 ing the premises. Albeit, there is not even a showing that any prospective patron or customer went to or appeared at plaintiff’s premises. In short, plaintiff has recited no facts which show any need for injunctive relief. It has given us instead a conclusory statement which represents merely its version of what some undisclosed facts connote. If there be any, to paraphrase an old legal guide mark, it is not sufficient that God shall know the facts; the record must show them.
Injunctive relief is a drastic remedy and should be granted only where there is a clear, legal right to it. This is especially so where it involves the enforcement of law. The papers on this motion fall far short of any facts or proof which would warrant the relief requested.
Motion denied.