Bernard Tomson, J.
The defendant is charged with a violation of section 2146 of the Penal Law in that on Sunday, July 5, 1959, ‘ ‘ he did carry on, conduct, manage and operate a trade and mechanical employment upon a Sunday, the first day of the week, to wit: the defendant did cause and permit to remain open for business to the public a store which contained a number of clothes washing machines and clothes drying machines for operation for monetary consideration to be paid to defendant, which said machines were in actual operation at such time and place and such operation of such machines and such trade and mechanical employment as aforesaid were not, and are not, works of necessity.”
*463 The defendant conducts a “launderette” in which there were, on the day in question, 12 washing machines and 10 driers, each of which were coin-operated. Some of these machines were observed in the act of being used by patrons. The exterior of the premises carries this message to the public: “ Wash and Dry, open seven (7) days a week, 365 days a year ”. Neither the defendant himself nor his representatives were observed as being physically present while the People’s witnesses were at the ‘ ‘ launderette ’ ’. The precise question presented is whether on these facts and on this information the defendant violated section 2146 of the Penal Law which reads: “ All
trades, manufactures, agricultural or mechanical employments upon the first day of the week are prohibited, except that when the same are works of necessity they may be performed on that day in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community.” Although the Court of Appeals has not determined the precise question, it has, in People v. Kupprat (6 N Y 2d 88), laid down a mandate for construction and application of the “ Sabbath Law ” statutes in this State. The defendant was charged with the selling of gravestones on Sunday in violation of section 2147. The court said (p. 90): “ Section 2147 of the Penal Law, brief and to the point, broadly provides that ‘ All manner of public selling or offering for sale of any property upon Sunday is prohibited,’ and then lists a number of articles which are excepted from the operation of the statute. Admittedly, gravestones and monuments are not among such items. As the Appellate Division has observed, the defendant’s sales of gravestones and memorials for deceased persons did not in fact constitute ‘ serious interruptions of the repose and religious liberty of the community ’, but that is here beside the point. The simple fact is that the Legislature, by enacting section 2147, has announced that all sales — except those specifically excepted in the statute itself — are forbidden, even though they may not in truth disturb Sunday’s rest or repose or religious liberty. (See, e.g., People v. East Coast Attic & Basement Co., 4 N Y 2d 954, affg. 10 Misc 2d 378; People v. Moses, 140 N. Y. 214, 215-217; People ex rel. Bender v. Joyce, 174 App. Div. 574, 579-580; N. Y. Legis. Doc., 1952, No. 1, p. 26; Note, 6 Syracuse L. Rev. 362, 364-365.) It is urged upon us that many families desiring to purchase a stone or other memorial can do so only on Sundays, when they take the occasion to visit the graves of their departed. This may well be so, but it too is beside the point. As already indicated, we deal with a subject concerning which the Legislature has spoken and, since the statute *464 does not exclude the sale of gravestones from its hroad proscription, we have no alternative but to reverse the Appellate Division’s dismissal of the complaint. We must read statutes as they are written and, if the consequence seems unwise, unreasonable or undesirable, the argument for change is to be addressed to the Legislature, not to the courts.”
The plain direction of the Court of Appeals is that we here are not concerned with the 1 ‘ consequence'’ ’ which may be “ unwise, unreasonable or undesirable”. “We must read statutes as they are written ’ ’.
The Appellate Division, First Department, in People v. Kaplan (8 A D 2d 163) held where the information and the facts were on all fours, that the practice complained of constituted a violation of section 2146 in that the defendant ‘ ‘ did allow said launderette to remain open for business ” on a Sunday though the premises were unmanned by him when its machines were used by customers. The court further held that such a practice was not a “ work of necessity ”.
In the absence of any other controlling authority in this Department this court must first hold then that the practice here complained of was not a “ work of necessity ” (1 Carmody-Wait, New York Practice, § 33, p. 48; Butera v. Donner, 177 Misc. 966, 969; United States Gypsum Co. v. Reilly-Stoker Corp., 11 Misc 2d 572, 575; 14 Am. Jur., Courts, § 72; ef. Id., §§ 67, 82).
If we disregard the question of necessity, it having been resolved, there remains only the question whether, under the allegations of the information and on the evidence, there was pursued a prohibited ‘ ‘ trade ’ ’ at the time, place and in the manner alleged. The Kaplan case (supra) is authority that there was. People v. Welt (14 Misc 2d 275) is urged as authority for holding that there was not. Careful examination of the Welt record reveals that the determination there is meaningful only when considered in relation to the allegations in the information in that it was alleged that the defendant ‘ ‘ did own and operate a self-service laundry containing approximately 23 automatic washing machines and approximately 6 automatic driers and that customers were using the aforesaid facilities and paying for the use thereof; that the aforesaid business, trade and mechanical employment was not ‘ a work of necessity ’ ”. Obviously, the County Court construed the word ‘ ‘ operation ’ ’ in the narrow sense of the personal operation of the laundry machines by the defendant himself or his agents. Certainly, the concept of the defendant as a nonparticipating bystander, not involved in the laundry business pursued on his premises on *465 Sunday, is unrelated to reality. Whose was the duty to provide a safe place for his customers to use the machines on that day? Whose, the duty to repair? Whose, the duty to cope with a machine suddenly gone berserk and pouring water over the floor? (An experience not unknown to housewives.) Whose, the duty to cope with an emergency that would occur on the premises? The defendant urges a paradox that would free him from guilt on the one hand if he did not meet these duties on Sunday and, on the other hand, have him ‘1 performing ’ ’ his trade if he did, and thus violating the statute. The evidence shows that the defendant participated in the conduct of the launderette whether he was there or not by knowingly causing and permitting his store to remain open for business on Sunday — a fact which the sign on his window proclaims. This is the gravamen of the information here. This trade is prohibited by section 2146. It is not “ a work of necessity ” (People v. Kaplan, supra). It follows, therefore, that the defendant is guilty beyond a reasonable doubt of the crime charged.