Frank S. McCullough, J.
Defendant corporation appeals from a judgment entered in the Court of Special Sessions of the City Court of Yonkers (Albert L. Fiorillo, J.), convicting the defendant of a violation of section 2146 of the Penal Law for carrying on a trade on Sunday in violation of the Sabbath laws. The information upon which the appellant was tried and convicted charged in substance that the defendant violated section 2146 of the Penal Law by causing to be operated a laundry-mat where the public for a fee was allowed to use machines located in premises at 214-216 Ashburton Ave., Yonkers, N. Y., to wash, launder and dry clothes therein, on the first day of the week (Sunday).
Section 2146 of the Penal Law, which is entitled, “ Trades, manufactures, and mechanical employments prohibited on Sunday,” provides: “All trades, manufactures, agricultural or mechanical employments upon the first day of the week are prohibited, except that when the same are works of necessity they may be performed on that day in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community.”
The facts are basically undisputed. The defendant owned and maintained a coin-operated, self-service, unattended launderette. This self-service launderette was open and accessible to the public on Sunday, August 16,1959. It was the defendant’s *543 practice to keep said premises open to the public every day of the week, including Sunday.
Patrons of the launderette would enter the premises and operate the coin-operated washing machines and driers in the process of doing their personal family wash. None of the corporate defendants, officers, agents or employees was present in the store or participated in any way with or on behalf of any of the patrons so engaged in doing their personal wash, on the Sunday referred to in the indictment.
The People’s arresting officer and other patrolmen testified that they observed the premises and the operations therein on the Sunday in question, and that the patrons were washing their own or their family’s clothing. They testified they observed no undue disturbance, noise or other commotion either within the store, at its entrance or in the immediate vicinity thereof. The arresting officer additionally testified that he had not served summonses on owners of other types of vending machines, such as telephone booths, cigarette vending machines, soda pop, peanut, etc., even though he found them operating on Sunday, and that he was never given orders to issue summonses in such cases.
The defendant produced several witnesses who testified that if the launderettes were closed on Sunday they would still have to do a substantial part of their wash on Sunday, that no other day was available to do such work because of the work shifts of such witnesses, and that the use of the launderette was a necessity and not merely a convenience. The defendant also produced an expert witness who had been associated with all phases of laundry business who traced the evolution of the commercial laundry business. Two basic questions were presented for the determination of the court below:
1. Did the defendant’s maintenance and control of its coin-operated, self-service, unattended launderette on Sunday constitute a ‘ ‘ trade ’ ’ within the meaning of the statute ?; and
2. If it constituted a ‘ ‘ trade ’ ’, was it a “ work of necessity ’ ’ which may be performed on Sunday without interfering with the repose and religious liberty of the community?
The purpose of laws prohibiting certain forms of labor and business activity on the Sabbath is expressed in State v. Kidd (167 Ohio 521) in this language: “ ‘ The policy of Sunday laws is based upon the observed fact, derived from long experience and the custom of all nations, that periods of rest from ordinary pursuits are requisite to the well-being, morally and physically, of a people. * * * This is the foundation and policy of all statutes regulating the observance of a day of rest ’
*544 A variety of New York decisions disclose a lack of uniformity. In Volume XXXV, Notre Dame Lawyer (No. 3, May, 1960), at pages 429^430 a summary of the decisions appears as follows:
‘ ‘ In People v. Gwyer [7 A D 2d 711], a conviction for violating the Sunday law was reversed as to an owner of a laundromat because he was prosecuted under the section of the statute relating to selling rather than that pertaining to the carrying on of a trade. In another case with similar facts, the conviction was affirmed because the prosecution was brought under the trade section of the statute. [People v. Kaplan, 8 A D 2d 163.] To add to the confusion created by different results being reached in factually similar situations, simply because the prosecution is brought under different sections of the law, in People v. Welt [14 Misc 2d 275], the owner of a laundromat had his conviction for performing a trade reversed because he was not physically present, hence was not performing a trade. In People v. Rubenstein [17 Misc 2d 10], the defendant was convicted for laboring on Sunday because he opened the door of the laundromat and turned on the lights. The court distinguished Gwyer and Welt in that here the defendant was present and he worked; whereas in Gwyer there had been no selling and in Welt the defendant had not been present. It seems to be generally true, however, that it is legal for a citizen to do his laundry on Sunday at a laundromat. People v. Aliprantis [8 A D 2d 276] applied the ideas of custom and usage permitting such work, and said: ‘ Slovenliness is no part of any religion, nor is it conducive to rest. Scripture commands cleanliness. “ * * * [A]nd the man shall wash his clothes, and shall be clean * * * and his clothes being washed he shall be clean. ’ ’ (Leviticus, ch. 13, pars. 6, 34).’
“A self service supermarket employee was acquitted of selling under the New York law because she merely did the menial work in the store and, ‘ Thus, this is no proof that the defendant herein intended to sell or offered for sale the prohibited meat, within the meaning of the statute, on a Sunday. ’ [People v. Kless, 17 Misc 2d 7.] A conviction for selling clothes was upheld even where the defendant claimed that he was within the exemption granted to roadside markets. [People v. White of Massapequa, 12 Misc 2d 254.] The same was true of convictions obtained under the trade and labor sections of the New York statute, where the defendant kept his showroom open on Sunday for the purpose of making appointments, but his conviction under the selling section of the statute was reversed. [People v. Polar Vent of America, 10 Misc 2d 378.] In People v. Kupprat [6 N Y 2d 88], the Appellate Division of the *545 Supreme Court had reversed the conviction of the defendant for selling tombstones near a cemetery on a Sunday because such actions, according to common understanding, are not serious interruptions of the repose and religious liberty of the community. However, the Court of Appeals reversed the Appellate Division and ordered a new trial, saying that such considerations did not make any difference and that the legislature is the one to make exceptions to the law. Yet, the very same reasoning which was rejected by the court in the Kupprat case was used to affirm a reversal of a conviction of the defendant for gratuitously painting his mother-in-law’s house on Sunday. [People v. Deen, 4 N Y 2d 708.] Likewise, a defendant was acquitted in a case where a police officer induced him to make a sale on Sunday when the defendant had his store open for his own use and the officer walked in on him. [People v. Oser, 9 Misc 2d 585.] ”
In People v. Welt (14 Misc 2d 275) the Nassau County Court reversed the judgment of the District Court of the County of Nassau convicting the defendant of a violation of section 2146 of the Penal Law on the ground that said section was not violated by the operation of an automatic laundromat, coin operated by customers, without the owner or any of its employees being present. The court said at page 276: “ Not all businesses are prohibited on that day, but only those which are serious interruptions of the Sabbath (Penal Law, § 2140). It is clear that the Legislature has the power to regulate working on Sunday and so it follows that that body is the sole judge of the actions which are to be considered Sabbath breaking (People v. Havnor, 149 N. Y. 195).”
Subsequent to that decision the defendant was again arrested, convicted in the District Court, and the judgment of conviction reversed by the County Court in an opinion reported in the New York Law Journal (Feb. 19, 1960, p. 16, col. 8). The court, in that case, stated: ‘ ‘ This court has reviewed the recent decision of the Appellate Division, First Department, in the case of People v. Kaplan (8 A D 2d 163), which involved a factual situation almost identical to that of the case before us and in which the Appellate Division, by a three-to-two decision, sustained a conviction for a violation of section 2146. The Appellate Division of this department [2d Dept.] is silent on the issues raised in this appeal. This court has reviewed its original decision in People v. Welt (supra), and adheres to its original position. The judgment of conviction is reversed, the information is dismissed, and the fine ordered to be remitted.”
*546 This latter decision was appealed and the conflict of opinion as expressed in People v. Kaplan (8 A D 2d 163) and the two Welt cases was, therefore, squarely presented to the Court of Appeals when it affirmed the reversal of the judgment of conviction in the second Welt case.
The affirmance was reported without opinion (8 N Y 2d 961). It is, therefore, now the law in New York that it is not a violation of section 2146 of the Penal Law to operate an automatic coin operated laundromat on Sunday where the owner or any employee is not present on such day. Such were the facts in the case at bar, and consequently in view of the holding of the Court of Appeals the judgment of conviction must be reversed.
As Judge Fttld stated in People v. Kupprat (6 N Y 2d 88, 90): “ We must read statutes as they are written and, if the consequences seem unwise, unreasonable or undesirable, the argument for change is to be addressed to the Legislature, not to the courts.”
This decision does not leave communities without a remedy of regulation. They may exercise regulations by local licensing powers such as were specifically granted to towns by chapter 880 of the Laws of 1960.
The judgment of conviction is reversed, the information dismissed and the fine is ordered to be remitted. Submit order on notice.