Maria G. Santagata, J.
Defendant was charged with a violation of section 8 of the General Business Law, more commonly referred to as the Sabbath Law, which reads as follows: “ All trades, manufacturers, agricultural or mechanical employments upon the first day of the week are prohibited, except that when the same are works of necessity they may be performed on that day in their usual and orderly manner, so as not to interfere with the repose and religious liberty of the community.”
The defendant is the owner of an automatic car wash. After entering upon the property, the customers are directed by signs to deposit money in a coin box. The vehicle is then driven onto a conveyor belt which propels the vehicle through a mechanical unit which sprays, brushes, washes and drys it. There is no personnel used in the operation of the car wash, it being fully automatic. A security officer employed by the defendant is on the premises. The defendant alleged that he was hired and remained on the premises to protect the property and not to perform any service in connection with the business.
The People contend that the guard was an integral part of the business in that he was there to insure the safety of the coin box.
The court finds from the evidence adduced on this trial that the security officer was there to protect the property. The operation of the car wash was not contingent on the services rendered by the security officer. It was a totally automated car wash. The duties of the security officer in protecting the property necessarily include the protection of the coin box but this does not alter the fact that the business is fully automated and is not dependent on the guard or anyone else for its operation.
The court finds the defendant has not violated the statute and finds him not guilty.
Assuming arguendo, that the security officer admittedly had no function except to guard the coin box, would this be a violation of the statute 1 The answer must be in the negative and *164 the conclusion would be the same as that arrived at under the original statement of facts. It is not a violation for customers to enter upon premises and wait upon themselves. (People v. Welt, 19 Misc 2d 462, affd. 8 N Y 2d 961.) The operation of the business would still be fully automated and not conditioned on any service rendered by the guard.
The question of whether a car wash, fully or partially automated, is one which should be prohibited by the statute or whether it should be deemed a work of necessity which may be performed on the Sabbath in its usual and orderly manner so as not to interfere with the repose and religious liberty of the community, has been considered by the courts with differing results.
In People v. Seuss (63 Misc 2d 813) the court said it was not prepared to hold that the washing of cars was a necessity. In People v. Hilton (119 N. Y. S. 2d 692) the court in a well-reasoned opinion held that the requirements of the Vehicle and Traffic Law that certain parts of the car be kept clean, made the washing of cars on the Sabbath a necessity.
In Westchester County as a matter of custom the car-wash business is allowed to operate on the Sabbath and the law is not enforced as to them, without benefit of legislative enactment or judicial sanction.
The interpretation of the law must combine both common sense and changing times. As society changes so do the social necessities of the community. More often the changes come in advance of the law. The statute must be viewed from a vantage point in history that has as its most precious commodity time. In many families both husband and wife work, often six days a week, there seldom being enough hours to do all that must be done. In suburban communities the automobile is often the only means of transportation for work, pleasure or chauffeuring. The law itself imposes penalties for operating a vehicle that is not clean. The law does not make allowances for snow, rain, ice or similar conditions wrought by the elements. Zoning laws restrict the operation of a car wash to business areas where it does not interfere with the repose and religious liberty of the community. This court believes that car wash in our present society is a work of necessity.
Perhaps, a collateral benefit to be derived from so deciding is that the time saved may be utilized to increase rather than diminish the spiritual life of the community.